# United States District Court

### FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: Oakland

FILED
2016 OCT 20 P 3 21
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

### UNITED STATES OF AMERICA,

### v.

### YEVGENIY NIKULIN,
a/k/a "Chinabig01"
a/k/a "dex.007"
a/k/a "valeriy.krutov3"
a/k/a "itBlackHat",

## C R 16      0 4 4 0   WHA

### DEFENDANT.

## INDICTMENT

18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18
U.S.C. § 1029(a)(2) – Trafficking in Unauthorized Access Devices; 18 U.S.C. §
1030(a)(2)(C) – Computer Intrusion; 18 U.S.C. § 1030(a)(5)(A) – Intentional
Transmission Causing Damage to a Protected Computer; 18 U.S.C. §§ 982(a)(2)
(B), 1029(c)(1)(C), 18 U.S.C. §§ 1030(i) and (j) – Forfeiture.

A true bill.

_Robert W M°Cullough_
Foreman

Filed in open court this __20__ day of
__October__ 2016

_Stephen Ybarra_
Clerk

_Bernard Zimmerman_
Bail $ No bail warrant

AO 257 (Rev 6/78)

*AMENDED*

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
| --- |

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

─── OFFENSE CHARGED ───

18 U.S.C. § 371;
18 U.S.C. § 1028A(a)(1);
18 U.S.C. § 1029(a)(2);
18 U.S.C. § 1030(a)(2)(C);
18 U.S.C. § 1030(a)(5)(A).

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION   OCT 2 0 2016   FILED

─── DEFENDANT - U.S ───

▶ YEVGENIY NIKULIN

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER

CR16-00440   WHA

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

16-71303 MAG

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   MICHELLE J. KANE

─── DEFENDANT ───

IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction      ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No      If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount:  No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:                Before Judge:

Comments:  Defendant is in custody in foreign jurisdiction.

Attachment
Penalty Sheet

<u>Statutory Maximum Penalties:</u>

18 U.S.C. § 371: Five years of imprisonment, $250,000 fine (or alternatively, twice the gross gain or gross loss, whichever is greater), three years of supervised release, $100 special assessment, forfeiture, and restitution.

18 U.S.C. § 1028A(1) : Two-year mandatory minimum sentence of imprisonment to run consecutive to any other sentence and in addition to the sentence for the underlying felony, $250,000 fine (or alternatively, twice the gross gain or gross loss, whichever is greater), three years of supervised release, $100 special assessment, restitution.

18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i): Ten years of imprisonment, $250,000 fine (or alternatively, twice the gross gain or gross loss, whichever is greater), three of years supervised release, $100 special assessment, forfeiture, and restitution.

18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B): Five years of imprisonment, $250,000 fine (or alternatively, twice the gross gain or gross loss, whichever is greater), three years of supervised release, $100 special assessment, forfeiture, and restitution.

18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i): Ten years of imprisonment, $250,000 fine (or alternatively, twice the gross gain or gross loss, whichever is greater), three years of supervised release, $100 special assessment, forfeiture, and restitution.

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   Attorney for United States of America
3



4

5

6
                  UNITED STATES DISTRICT COURT
7
                NORTHERN DISTRICT OF CALIFORNIA
8
                      OAKLAND DIVISION
9
                                          CR 16        0440
10  UNITED STATES OF AMERICA,         )   CASE NO.
                                      )
11               Plaintiff,           )   VIOLATIONS: 18 U.S.C. § 371 – Conspiracy; 18    WHA
                                      )   U.S.C. § 1028A – Aggravated Identity Theft; 18
12               v.                   )   U.S.C. § 1029(a)(2) – Trafficking in Unauthorized
                                      )   Access Devices; 18 U.S.C. § 1030(a)(2)(C) –
13  YEVGENIY NIKULIN,                 )   Computer Intrusion; 18 U.S.C. § 1030(a)(5)(A) –
                                      )   Intentional Transmission Causing Damage to a
14          a/k/a "Chinabig01"        )   Protected Computer; 18 U.S.C. §§ 982(a)(2)(B),
                                      )   1029(c)(1)(C), 18 U.S.C. §§ 1030(i) and (j) –
15          a/k/a "dex.007"           )   Forfeiture.
                                      )
16          a/k/a "valeriy.krutov3"   )   SAN FRANCISCO VENUE
                                      )
17          a/k/a "itBlackHat"        )
                                      )
18               Defendant.           )
                                      )
19  _____)

20                     I N D I C T M E N T

21  The Grand Jury charges:

22                        BACKGROUND

23  At all times relevant to the Indictment:

24        1.      LinkedIn Corporation was headquartered in Mountain View, California. LinkedIn

25  operated a social networking website focused on business and employment connections. Each LinkedIn

26  user had an individual account protected by a user name, which was an email address, and a password.

27  LinkedIn maintained a database of user account information, including user names and encrypted

28
    INDICTMENT

1   passwords, on computers located in the Northern District of California. LinkedIn employees were

2   assigned individual credentials by which they could remotely access the LinkedIn corporate network. An

3   individual with the initials N.B. worked for LinkedIn at its Mountain View, California, headquarters.

4          2.      Dropbox, Inc., was an electronic file storage service headquartered in San Francisco,

5   California. Dropbox used cloud computing to enable users to store and share files and folders with other

6   users across the Internet using file synchronization. Each Dropbox user had an individual account

7   protected by a user name, which was an email address, and password. Dropbox maintained a computer

8   database of user account information, including user names and encrypted passwords.

9          3.      Formspring, Inc., was a corporation with its headquarters in San Francisco, California.

10  Formspring operated a social question and answer website. Each Formspring user had an individual

11  account protected by a user name and password. Formspring maintained a computer database of user

12  account information, including user names and encrypted passwords. Formspring employees were

13  assigned individual credentials by which they could remotely access the Formspring corporate network.

14  An individual with the initials J.S. worked for Formspring at its San Francisco, California, headquarters.

15         4.      Google, Inc., was a corporation with its headquarters in Mountain View, California.

16  Google offered Internet-related services, including the Gmail email service, to customers all over the

17  world.

18  COUNT ONE: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B) – Computer Intrusion)

19         5.      The factual allegations contained in Paragraph One are realleged and incorporated herein.

20         6.      Beginning on approximately March 3, 2012, and continuing to approximately March 4,

21  2012, in the Northern District of California and elsewhere, the defendant,

22                             YEVGENIY NIKULIN,

23  intentionally accessed a protected computer used in interstate and foreign commerce without

24  authorization and exceeding authorized access, and thereby obtained information from a protected

25  computer, and committed the offense for purposes of commercial advantage and private financial gain,

26  and the value of the information obtained exceeded $5,000; that is, defendant used the Internet to access

27  computers belonging to LinkedIn Corporation and obtained information, all in violation of Title 18

28

INDICTMENT

2

1    United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and (iii).

2    <u>COUNT TWO</u>: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or

3    Command Causing Damage to a Protected Computer)

4         7.      The factual allegations contained in Paragraph One are realleged and incorporated herein.

5         8.      Starting on or about March 3, 2012, and continuing through on or about March 4, 2012,

6    in the Northern District of California and elsewhere, the defendant,

7                        YEVGENIY NIKULIN,

8    knowingly caused the transmission of a program, information, code, and command, and, as a result of

9    such conduct, intentionally caused damage without authorization to a protected computer; that is,

10    NIKULIN knowingly transmitted a program, information, code, and command to a computer belonging

11    to LinkedIn employee N.B. and thereby caused damage without authorization, and the offense caused

12    loss to a person during a one year period from the defendant's course of conduct affecting a protected

13    computer aggregating at least $5,000 in value, all in violation of Title 18, United States Code, Sections

14    1030(a)(5)(A) and (c)(4)(B)(i).

15    <u>COUNT THREE</u>: (18 U.S.C. § 1028A – Aggravated Identity Theft)

16         9.      The factual allegations contained in Paragraph One are realleged and incorporated herein.

17         10.      Beginning on approximately March 3, 2012, and continuing to approximately March 4,

18    2012, in the Northern District of California and elsewhere, the defendant,

19                        YEVGENIY NIKULIN,

20    did knowingly possess and use, without lawful authority, a means of identification of another person,

21    that is, the user name and password assigned to LinkedIn employee N.B., during and in relation to

22    violations of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i) and (iii), all in

23    violation of Title 18, United States Code, Section 1028A(a)(1).

24    <u>COUNT FOUR</u>: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B) - Computer Intrusion)

25         11.      The factual allegations contained in Paragraph Two are realleged and incorporated

26    herein.

27         12.      Beginning on approximately May 14, 2012, and continuing to approximately July 25,

28

INDICTMENT

1   2012, in the Northern District of California and elsewhere, the defendant,

2                                    YEVGENIY NIKULIN,

3   intentionally accessed a protected computer used in interstate and foreign commerce without

4   authorization and exceeding authorized access, and thereby obtained information from a protected

5   computer, and committed the offense for purposes of commercial advantage and private financial gain,

6   and the value of the information obtained exceeded $5,000; that is, defendant used the Internet to access

7   computers belonging to Dropbox, Inc., and obtained information, all in violation of Title 18 United

8   States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and (iii).

9   COUNT FIVE: (18 U.S.C. § 371 – Conspiracy)

10          13.    The factual allegations contained in Paragraphs Three and Four are realleged and

11  incorporated herein.

12          14.    Beginning on a date unknown to the grand jury and continuing to on or about May 31,

13  2013, in the Northern District of California, and elsewhere, the defendant,

14                                   YEVGENIY NIKULIN,

15  did knowingly and willfully conspire with others known and unknown to the grand jury to commit

16  offenses against the United States, that is, NIKULIN conspired to knowingly and with intent to defraud

17  traffic in unauthorized access devices, that is, user names, email addresses, and passwords, belonging to

18  customers of Formspring, Inc., and other companies, and by such conduct obtain $1,000 or more in any

19  one-year period, and said trafficking would have affected interstate and foreign commerce, in violation

20  of Title 18, United States Code Section 1029(a)(2).

21                          Manner and Means of The Conspiracy

22          15.    It was part of the conspiracy that NIKULIN gained unauthorized access to protected

23  computers and thereby obtained the unauthorized access devices, including user names, email addresses,

24  and passwords.

25          16.    It was further part of the conspiracy that CO-CONSPIRATOR 1 possessed the

26  unauthorized access devices and offered them for sale.

27          17.    It was further part of the conspiracy that CO-CONSPIRATOR 3 purchased the

28

INDICTMENT

4

1    unauthorized access devices.

2    18.    It was further part of the conspiracy that CO-CONSPIRATORS 2 and 3 used Gmail

3    accounts to communicate with CO-CONSPIRATOR 1 regarding the conspiracy.

4                                        Overt Acts

5    19.    In furtherance of the conspiracy and to effect its objects, NIKULIN and his co-co-

6    conspirators committed and caused to be committed the following overt acts, among others, in the

7    Northern District of California and elsewhere:

8    a.    Between on or about June 13, 2012, and on or about June 29, 2012, NIKULIN gained

9          unauthorized access to the Formspring computers holding the user information database and

10         downloaded the Formspring user information database, including user names, email addresses,

11         and encrypted passwords, to a computer located outside the United States.

12   b.    On or about July 13, 2012, CO-CONSPIRATOR 2, using a Gmail account, sent an email

13         message to CO-CONSPIRATOR 1 vouching for NIKULIN's reliability in selling stolen user

14         credentials.

15   c.    On or about July 16, 2012, CO-CONSPIRATOR 1 sent an email message to CO-

16         CONSPIRATOR 3's Gmail account offering to sell the stolen Formspring user information

17         database for €5,500.

18   All in violation of Title 18, United States Code, Section 371.

19   COUNT SIX: (18 U.S.C. § 1029(a)(2) – Trafficking in Unauthorized Access Devices)

20   20.    The factual allegations contained in Paragraphs Three, Four, and Thirteen through

21   Nineteen are realleged and incorporated herein.

22   21.    Beginning on a date unknown to the grand jury and continuing to approximately

23   September 19, 2012, in the Northern District of California and elsewhere, the defendant,

24                              YEVGENIY NIKULIN,

25   knowingly and with intent to defraud, trafficked in unauthorized access devices, that is, user names,

26   email addresses, and passwords, belonging to customers of Formspring, Inc., and by such conduct from

27   on or about June 1, 2012, and ending on or about May 31, 2013, obtained $1,000 or more, said

28

INDICTMENT

1 | trafficking affecting interstate and foreign commerce, in violation of Title 18, United States Code,

2 | Sections 1029(a)(2) and (c)(1)(A)(i).

3 | <u>COUNT SEVEN</u>: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B) – Computer Intrusion)

4 | 22.    The factual allegations contained in Paragraphs Three, Four, and Thirteen through

5 | Nineteen are realleged and incorporated herein.

6 | 23.    Beginning on approximately June 13, 2012, and continuing to approximately June 29,

7 | 2012, in the Northern District of California and elsewhere, the defendant,

8 | YEVGENIY NIKULIN,

9 | intentionally accessed a protected computer used in interstate and foreign commerce without

10 | authorization and exceeding authorized access, and thereby obtained information from a protected

11 | computer, and committed the offense for purposes of commercial advantage and private financial gain,

12 | and the value of the information obtained exceeded $5,000; that is, defendant used the Internet to access

13 | computers belonging to Formspring, Inc., and obtained information, all in violation of Title 18 United

14 | States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and (iii).

15 | <u>COUNT EIGHT</u>: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or

16 | Command Causing Damage to a Protected Computer)

17 | 24.    The factual allegations contained in Paragraphs Three, Four, and Thirteen through

18 | Nineteen are realleged and incorporated herein.

19 | 25.    Starting on or about June 13, 2012, and continuing through on or about June 29, 2012, in

20 | the Northern District of California and elsewhere, the defendant,

21 | YEVGENIY NIKULIN,

22 | knowingly caused the transmission of a program, information, code, and command, and, as a result of

23 | such conduct, intentionally caused damage without authorization to a protected computer; that is,

24 | NIKULIN knowingly transmitted a program, information, code, and command to a computer belonging

25 | to Formspring and thereby caused damage without authorization, and the offense caused loss to a person

26 | during a one year period from the defendant's course of conduct affecting a protected computer

27 | aggregating at least $5,000 in value, all in violation of Title 18, United States Code, Sections

28 |

INDICTMENT

1030(a)(5)(A) and (c)(4)(B)(i).

COUNT NINE: (18 U.S.C. § 1028A – Aggravated Identity Theft)

26.     The factual allegations contained in Paragraphs Three, Four, and Thirteen through Nineteen are realleged and incorporated herein.

27.     Beginning on approximately June 13, 2012, and continuing to approximately June 29, 2012, within the Northern District of California and elsewhere, the defendant,

YEVGENIY NIKULIN,

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the user name and password assigned to Formspring employee J.S., during and in relation to violations of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i) and (iii), all in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: (18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 1030(i) and (j))

28.     The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

29.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1030(a) set forth in Counts One, Two, Four, Seven, and Eight of this Indictment, the defendant,

YEVGENIY NIKULIN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of money equal to the total amount of proceeds defendant obtained or derived, directly or indirectly, from the violation.

30.     Upon conviction of any of the offenses set forth in Counts Five and Six of this Indictment, defendant,

YEVGENIY NIKULIN,

INDICTMENT

7

1   shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

2   982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a

3   result of such violation, and, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any

4   personal property used or intended to be used to commit the offense.

5        31.    If any of the property described above, as a result of any act or omission

6   of the defendant:

7                a.    cannot be located upon the exercise of due diligence;

8                b.    has been transferred or sold to, or deposited with, a third party;

9                c.    has been placed beyond the jurisdiction of the court;

10               d.    has been substantially diminished in value; or

11               e.    has been commingled with other property which cannot be divided without

12                     difficulty,

13   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

14   United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1),

15   1029(c)(2), and 1030(i)(2).  All pursuant to Title 18 United States Code, Sections 982(a)(2)(B),

16   1029(c)(1)(C), and 1030.

17   Dated:                                          A TRUE BILL.

18

19                                                   FOREPERSON

20

21   BRIAN J. STRETCH
     United States Attorney

22

23

24   MATTHEW A. PARRELLA
     Chief, CHIP Unit

25

26

27   (Approved as to form:

28                          AUSA M. KANE

     INDICTMENT

                                          8