1 | ALEX G. TSE (CABN 152348)
Acting United States Attorney

2

3 | BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

4 | MICHELLE J. KANE (CABN 210579)
MATTHEW A. PARRELLA (NYBN 2040855)
5 | Assistant United States Attorneys

6 | 1301 Clay Street, Suite 340S
Oakland, California 94612
7 | Telephone: (510) 637-3680
FAX: (510) 637-3724
8 | matthew.parrella@usdoj.gov
michelle.kane3@usdoj.gov

9
Attorneys for United States of America
10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14
UNITED STATES OF AMERICA,       )   No. CR 16-00440 WHA
15                              )
      Plaintiff,                )   [PROPOSED] STIPULATED INTERIM
16                              )   PROTECTIVE ORDER.
   v.                           )
17                              )
YEVGENIY ALEXANDROVICH NIKULIN, )
18                              )
      Defendant.                )
19                              )
                                )
20

21 | WHEREAS during the course of discovery in the above-captioned criminal case, the United

22 | States may produce documents and other items containing information that is confidential and/or is

23 | "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)), including documents and other

24 | items obtained during the course of the investigation from victim companies and other third parties;

25 | WHEREAS during the course of discovery in the above-captioned criminal case, the United

26 | States may produce documents and other items containing personally identifiable information of

27 | individual victims and other third parties, including information that is subject to Federal Rule of

28 | Criminal Procedure 49.1;

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA

1    WHEREAS the United States and defendant deem it appropriate for the purpose of facilitating
2 pretrial negotiations and to provide for the protection of such information without agreeing that the
3 specific information is in fact confidential, is a trade secret, or is subject to other legal protection, and
4 with the further understanding that nothing in this stipulated protective order creates any presumption
5 regarding whether the specific information is confidential, is a trade secret, or is subject to other legal
6 protection, and lastly preserving defendant's rights to challenge any such designation at a later time;

7    IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendant
8 and his counsel, that the following definitions and procedures will govern the designation and handling
9 of material and other information produced by the United States during pretrial negotiations, while
10 reserving the question of how such material and information should be handled at trial, and during pre-
11 or post-trial hearings for a future time.

12    1. Definitions:

13        a. "Confidential Material" shall mean information that the Government contends is
14        confidential, intended to be kept secret, is a trade secret within the meaning of 18 U.S.C.
15        § 1839(3), or contains personally identifiable information of individual victims and other
16        third parties, including information that is subject to Federal Rule of Criminal Procedure
17        49.1.

18        b. "Discovery Material" shall mean all materials disclosed by the United States during
19        discovery in this case (regardless of whether the criminal number assigned to this case
20        changes due to the filing of an indictment or superseding indictment).

21    2. The United States may designate Discovery Material as Confidential Material to the extent
22 that it believes in good faith that the information or material is or may be Confidential Material as
23 defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as
24 "Confidential Material" should be made, whenever possible, in the case of written, tangible, or
25 documentary Discovery Material, at the time that Discovery Material is produced or made known to
26 defendant by marking the Discovery Material "CONFIDENTIAL" in a manner that is readily
27 distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention
28 that the Discovery Material be considered Confidential Material. Computer memory storage materials

such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material, shall be labeled on the outside of the media as "CONFIDENTIAL." The Government shall maintain unlabeled, or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent proceedings.

3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant's counsel in the above-captioned case and furnished, at this time, to no one other than defendant's counsel in the above-captioned case, defendant, the staff supporting defendant's counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendant's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. In the event that a defendant or his counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be kept in the offices of defendant's counsel in the above-captioned case and neither this material nor any copies of this material shall leave that office for any purpose except submission in camera to the Court. Should defendant be detained prior to resolution of the Indictment, his counsel may bring the designated confidential material to the facility in which he is incarcerated to assist in the defendant's preparation but shall not leave any such confidential material with the defendant. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

> TO BE FILED UNDER SEAL
>
> Contains Confidential Material
>
> To Be Opened Only As Directed By The Court

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendant and his counsel in the above-captioned case agree to return or certify the destruction of all Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent defendant from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should a defendant dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, the defendant and the United States cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and their counsel may choose not to formally challenge the Government's designation of certain material as confidential at this stage in the proceeding. Such a failure to challenge the confidential designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated confidential material constitutes "trade secret" information under 18 U.S.C. § 1839(3) or is personally identifiable information, including information that is subject to Federal Rule of Criminal Procedure 49.1.

8. At such time as a defendant retains an expert or experts to assist in the review of the Confidential Material, each such person shall execute the Acknowledgment included with this Stipulated Interim Protective Order, which shall then be submitted to the Court ex parte and in camera by the defendant. Defendant shall not be required to provide said Acknowledgment, or the identity of the expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.

9. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential. Nothing in this order shall preclude the United States or defendant from applying to the Court for further relief or modification. The parties agreement to enter into this Stipulated Interim Protective Order at his time is for the purpose of pretrial negotiations is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

//

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions that are legally available.

Dated: april 20, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

MICHELLE J. KANE
MATTHEW A. PARRELLA
Assistant United States Attorneys

ARKADY BUKH
Counsel for Yevgeniy Alexandrovich Nikulin

IT IS SO ORDERED.

Dated: April 20, 2018.

HON. WILLIAM ALSUP
United States District Judge