IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YEVGENIY ALEKSANDROVICH NIKULIN,<br><br>Defendant. | No. CR 16-00440 WHA<br><br>**SUPPLEMENTAL SCHEDULING ORDER** |

Pursuant to Local Rule 17.1-1, this order sets the following schedule to promote a fair and expeditious pretrial of this case. This order supplements those deadlines set by the scheduling order dated April 18, 2018. Pursuant to the April 18 order, any motion for bills of particulars, motion to dismiss, or other motion based on the face of the operative indictment must have been filed by May 8.[1]

All Rule 8 motions, motions for discovery of jury-composition records, or motions to transfer must be filed by **JULY 10, 2018**.

Any motion by the government to keep secret the names and identities of civilian witnesses, who otherwise shall be disclosed as set forth hereafter, must be filed by **JULY 10, 2018**. Any such motion must be specific as to the risks and reasons by individual witness and may be under seal and *ex parte*. Abbreviated memoranda and declarations must be served on defense counsel allowing them to at least know the themes advanced under seal and *ex parte*.

---

[1] On June 26, the Court provided a draft version of this supplemental scheduling order and asked the parties for their comments. On June 29, the parties submitted a stipulation agreeing to the dates in this order (Dkt. No. 41).

The submissions must address whether a protective order restricting use of the information would suffice.

By **JULY 24, 2018**, all materials required under Rule 16 to be produced by the government must be produced to any defendant that has made a written Rule 16 request. Any defense request under any aspect of Rule 16 must be made in writing and no later than **JULY 10, 2018**. All such Rule 16 materials acquired after July 24 by the government or any of its agents subject to Rule 16 must be produced within **FOURTEEN CALENDAR DAYS** of receipt or acquisition by government counsel or its agent (but, again, only to a defendant who has made a timely written request). Failure to so produce will preclude use of any such evidence by the government (other than for impeachment or rebuttal). As to any such Rule 16 material produced after July 24, the burden shall be on the government to demonstrate compliance with the fourteen-day exception.

All motions to suppress must be filed by **AUGUST 28, 2018**.

All motions alleging any defect in instituting the prosecution, motions for disclosure of informants, or motions alleging selective prosecution must be filed by **AUGUST 28, 2018**.

All motions to sever not based principally on the face of the indictment must be filed by **OCTOBER 30, 2018**.

By **OCTOBER 30, 2018**, all government expert reports and summaries shall be produced to defense counsel.

By **OCTOBER 30, 2018**, the government must provide a trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed a postponement of such disclosure. By the same date, the government shall have produced all *Brady-Giglio* material unless allowed by prior order to postpone specific items for reasons of civilian witness security or for other good cause.

By **NOVEMBER 20, 2018**, all Rule 16 *defense* reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any. All rebuttal expert reports and summaries by the government

shall be due **SEVEN CALENDAR DAYS** before the final pretrial conference. Any mental examinations shall occur on a schedule to be set by motion.

By **NOVEMBER 20, 2018**, all translations or transcripts of conversations or statements to be shown to the jury must be provided to defendants and any motions directed to their accuracy shall be heard at the final pretrial conference.

All *Daubert* or other motions directed at government reports must be filed by **NOVEMBER 20, 2018**.

On **JANUARY 9, 2019**, the final pretrial conference shall be held at **2:00 P.M.** All motions for the final pretrial conference shall be due **FOURTEEN CALENDAR DAYS** before the conference with oppositions due seven calendar days before the conference.

For the final pretrial conference, defendants and the government must file any motions *in limine* as well as any of the following:

1. Motions to exclude co-conspirator statements.
2. Government *Daubert* motions or other motions directed at defense experts.
3. Motions to exclude/include Rule 404(b) acts; to tee this up, the government must disclose all proposed Rule 404(b) material **35 CALENDAR DAYS** before the final pretrial conference, and any motion to exclude must be filed fourteen calendar days before the final pretrial conference.
4. Motions directed at the accuracy of transcripts of recordings to be shown to the jury.

On **JANUARY 28, 2019**, trial shall commence at **7:30 A.M.** with jury selection. In light of the parties' joint request, the Court will try to reserve three weeks for the trial of this case. The normal trial schedule will be 7:30 a.m. to 1:00 p.m. Once the jury begins deliberations, it usually stays past 1:00 p.m.

Unless it covers all defendants, no Rule 11(c)(1)(C) plea agreement will be accepted within two months of the final pretrial conference. Open pleas, however, will be allowed at any time.

**IT IS SO ORDERED.**

Dated: July 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4