ARKADY BUKH
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
Phone: (718) 376-4766
Fax: (718) 376-3033
Email: honorable@usa.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:     415-652-8569
E-Mail:      valery@nechaylaw.com

Attorneys for Defendant
Yevgeniy Nikulin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>YEVGENIY NIKULIN,<br><br>a/k/a "Chinabig01"<br>a/k/a "dex.007"<br>a/k/a "valeriy.krutov3"<br>a/k/a "itBlackHat",<br>            Defendant. | 3:16-cr-00440-WHA-1<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant will move for leave to file a motion for reconsideration of this Court's September 5,

2018 Order, ("Order") Dkt. 61, which denied Defendant's Administrative Motion to file Defendant's response to the Court's August 24 Order under seal.

This motion will be based on this Notice of Motion and Motion for Leave to File a Motion for Reconsideration of Order denying Defendant's Administrative Motion to file Defendant's response to the Court's August 24 Order under seal, the Memorandum of Points and Authorities, the Proposed Order, and the files and records in this matter and any oral argument that the Court may hear.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 7-9, Defendant YEVGENIY NIKULIN respectfully requests this Court grant him leave to file a motion for reconsideration of the September 5, 2018 Order, Dkt. 61 to the extent it denied Defendant's Administrative Motion to file Defendant's response to the Court's August 24 Order under seal.

Pursuant to Civil Local Rule 7-9(a), "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Under Civil Local Rule 7-9(b), the moving party must specifically show

-2-

**U.S.A v. Nikulin**
3:16-cr-00440-WHA-1

> reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Generally, under Local Rule 79-5(b), "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."

In our case, Exhibit 1, which accompanied Defendant's Administrative Motion to file Defendant's response to the Court's August 24 Order under seal should be sealed for several reasons. First, said Exhibit contains highly confidential and privileged Stipulated Settlement between the Executive Director of the Medical Board of California and Alexander Grinberg, M.D., the psychiatrist approved by this Court to conduct mental examination of Mr. Nikulin. It is well-settled that there is a public policy of promoting settlement disputes outside the judicial process, and

disclosure of this settlement would result in an decreased likelihood of future settlements should this Court discloses it.

Further, Federal Rule of Evidence 408 specifically prohibits admissibility of settlement negotiations, including settlements involving a third party. See, e.g., Cook v. Yellow Frgt. Sys., 132 F.R.D. 548, 554 (E.D. Cal. 1990)("while it is true that Rule 408 is addressed to the inadmissibility of evidence at trial and generally pertinent to the inadmissibility of compromise material to prove damages or liability in the claim of origin, "the same consideration of policy which actuates the courts to exclude an offer of compromise made by [the defendant to the plaintiff], also apply to settlement [negotiations between the defendant and a third  party"); Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 981 [6th Cir 2003)("The public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist, and that the district court did not abuse its discretion in refusing to allow discovery.")

Indeed, Rule 408 "evidences a strong public policy favoring the confidentiality of attempts to voluntarily resolve disputes." Cook, 132 F.R.D. at 554 citing McCormick on Evidence, at 811 (3rd. ed. 1984).  The Ninth Circuit has stated that one of the principles underlying Rule 408 is the "promotion of public policy favoring the compromise and settlement of disputes." United

-4-

**U.S.A v. Nikulin**
3:16-cr-00440-WHA-1

States v. Contra Costa County Water Dist., 678 F.2d 90, 92 (9th Cir. 1982).  Therefore, this Court's failure to allow Defendant to file said Exhibit under seal would have a chilling effect on future similar settlements involving medical professionals.

Third, "all lawful privacy intrusions must be narrowly drawn and reasonably related in scope to the justification for their initiation." Cook, 132 F.R.D. at 552 (citation omitted).  In this case, Defendant proposes to seal only Exhibit 1 and agrees to file his response to the Court's August 24 order on the public docket.  Thus, this would comply with the public policy that "all lawful privacy intrusions must be narrowly drawn and reasonably related in scope to the justification for their initiation."  In addition, said Exhibit's marginal relevance to this case is outweighed by the privileged nature of settlement discussions involving totally unrelated third party.

Finally, the sealing of Exhibit 1 is proper since it contains Dr. Grinberg patents' personally identifiable information, which disclosure is prohibited by the Health Insurance Portability and Accountability Act ("HIPAA") and California's Confidentiality of Medical Information Act ("CMIA").  The purpose of HIPAA is to protect individually identifiable health information. Cranford v. Taylor, No. 1:07-cv-1136-BLW-LMB], 2009 U.S. Dist. LEXIS 41562, at *3 (E.D. Cal May 7, 2009)(citing 45 C.F.R. § 164.508(a)(1)).  HIPAA prohibits the wrongful disclosure of individually identifiable health information,

-5-

**U.S.A v. Nikulin**
3:16-cr-00440-WHA-1

defined as information that relates to the physical or mental health or condition of an individual, or the provision of health care to an individual, that identifies the individual. Turner v. Salinas, No. 2:10-cv-1848 MCE KJN P, 2012 U.S. Dist. LEXIS 172748, at *1-2 (E.D. Cal Dec. 3, 2012)(citing 42 U.S.C. § 1320d-6; 45 C.F.R. § 160.103).

Here, even though the patients' names are redacted in said Exhibit, their identity can be revealed if combined with other publicly available information.  See Cal. Civ. Code § 56.05(j)(Information is also individually identifiable if it can be combined with other publicly available information to reveal a person's identity.)  Said Exhibit is filled with descriptions of patients' age, gender, medical conditions, diagnoses, dates of treatment, prescribed medications and other medical information, which if combined with other publicly available information, such as the name of their doctor would reveal their protected personally identifiable information.  Therefore, the Court should reconsider its decision and allow Defendant to file its Exhibit 1 under seal.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant him leave to file a motion to reconsider its Order denying Defendant's Administrative Motion to file Defendant's response to the Court's August 24 Order under

seal.  Specifically, Defendant respectfully requests to modify said Order permitting Defendant to file only Exhibit 1 under seal.

Dated:     Brooklyn, New York
           September 10, 2018

                                      Respectfully submitted,

                                      / s/ Arkady Bukh
                                      _____
                                      Arkady Bukh, Esq.
                                      Attorney for Yevgeniy Nikulin
                                      Bukh Law Firm, PLLC
                                      1123 Avenue Z
                                      Brooklyn, NY 11235
                                      (718) 376-4766
                                      honorable@usa.com

**U.S.A v. Nikulin**
3:16-cr-00440-WHA-1