DAVID L. ANDERSON (CABN 149604)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
MATTHEW A. PARRELLA (NYBN 2040855)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    matthew.parrella@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME FROM MARCH 5, 2019, THROUGH MARCH 12, 2019. |
| v. | |
| YEVGENIY ALEXANDROVICH NIKULIN, | |
| Defendant. | |

    Defendant Yevgeniy Nikulin, represented by Arkady Bukh and Valery Nechay, and the United States, represented by Assistant United States Attorneys Michelle J. Kane and Matthew A. Parrella, hereby stipulate to the following:

    1.    On October 10, 2018, with the agreement of the parties, the Court ordered defendant committed to the custody of the Bureau of Prisons for purposes of a mental competency examination pursuant to 18 U.S.C. § 4241(b) (ECF No. 70);

    2.    The Bureau of Prisons Forensic Psychologist provided a report to the Court, which the Court provided to the parties on February 11, 2019;

3. The parties appeared before this Court on February 12, 2019, for a hearing regarding defendant's mental competency, however, defendant was not present because he had not yet been transported back to this District. The Court set a status conference regarding mental competency proceedings on March 5, 2019, at 2:00 p.m., and, at the parties' request, set an evidentiary hearing on competency on March 19, 2019, at 8:00 a.m.;

4. Counsel for the United States conferred with the United States Marshals Service on February 27, 2019, regarding defendant's progress in returning to this District. According to the Marshals Service, defendant was scheduled for the next transport to this District, after the prior transport was cancelled due to severe weather. The Marshals Service could not say for certain when defendant would be back in this District, although it did believe that he would appear for the March 5, 2019, status conference;

5. Because counsel for defendant have been unable to consult with defendant regarding the competency report, and because it does not appear that there will be time for such consultation prior to the next status conference, the parties jointly request that the Court continue the March 5, 2019, status conference one week to March 12, 2019, at 2:00 p.m. The continuance should allow counsel for defendant time to consult with defendant and to evaluate the competency report;

6. The Court, at the request of the parties, previously designated the case as complex based on the nature of the prosecution, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) ("it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]");

7. With the agreement of the parties, the Court excluded the time between February 12, 2019, and March 5, 2019, from Speedy Trial Act calculations pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F) (delay resulting from proceedings including mental competency evaluations and delay resulting from transportation of defendant from another district).

8. The parties continue to agree that the matter is complex based on the nature of the prosecution, and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

9. The parties also agree that the time until March 12, 2019, is excludable delay resulting from proceedings including mental competency evaluations and delay resulting from transportation of defendant from another district, pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F).

IT IS SO STIPULATED.

DATED: February 28, 2019                                  Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
MATTHEW A. PARRELLA
Assistant United States Attorneys

/s/
ARKADY BUKH
Counsel for Yevgeniy Alexandrovich Nikulin

/s/
VALERY NECHAY
Counsel for Yevgeniy Alexandrovich Nikulin

**ORDER**

Based upon the stipulation of counsel, and for good cause shown, the Court finds that the case is complex based on the nature of the prosecution and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court further finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Also based upon the stipulation of counsel, and for good cause shown, the Court finds that the time from March 5, 2019, through March 12, 2019, is excludable delay resulting from proceedings including mental competency evaluations and delay resulting from transportation of defendant from another district, pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F).

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA                                3

1  Therefore, IT IS HEREBY ORDERED that the status conference shall be continued from March
2  5, 2019, to March 12, 2019, at 2:00 p.m. and that the time from March 5, 2019, to March 12, 2019, shall
3  be excluded from computation under the Speedy Trial Act.
4  IT IS SO ORDERED.
5  Dated: March 4, 2019.

_____
HON. WILLIAM ALSUP
United States District Judge