DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
MATTHEW A. PARRELLA (NYBN 2040855)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    matthew.parrella@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM MARCH 12, 2019, THROUGH APRIL 30, 2019 |
| v. | |
| YEVGENIY ALEXANDROVICH NIKULIN, | |
| Defendant. | |

    Defendant Yevgeniy Nikulin, represented by Arkady Bukh and Valery Nechay, and the United States, represented by Assistant United States Attorneys Michelle J. Kane and Matthew A. Parrella, hereby stipulate to the following:

    1.    On October 10, 2018, with the agreement of the parties, the Court ordered defendant committed to the custody of the Bureau of Prisons for purposes of a mental competency examination pursuant to 18 U.S.C. § 4241(b) (ECF No. 70);

    2.    The Bureau of Prisons Forensic Psychologist provided a report to the Court, which the Court provided to the parties on February 11, 2019;

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA

3. The parties appeared before this Court on February 12, 2019, for a hearing regarding defendant's mental competency, however, defendant was not present because he had not yet been transported back to this District. The Court set a status conference regarding mental competency proceedings on March 5, 2019, at 2:00 p.m., and, at the parties' request, set an evidentiary hearing on competency on March 19, 2019, at 8:00 a.m.;

4. Because defendant's transport back to this District was delayed, for reasons including severe weather, the parties jointly filed a request that the Court continue the March 5, 2019, status conference one week to March 12, 2019, at 2:00 p.m., which the Court granted. ECF. No. 76;

5. At the status conference on March 12, 2019, the defendant informed the Court that he would be challenging the competency report and would be submitting his own expert report. The defendant stated that he would need several weeks for the report to be ready;

6. The Court, with the consent of the parties, set the matter for a competency hearing on April 30, 2019, at 11:00 a.m. The Court ordered defendant to provide his rebuttal report to the Court and the United States by April 9, 2019;

7. The Court, at the request of the parties, previously designated the case as complex based on the nature of the prosecution, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) ("it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]");

8. The parties continue to agree that the matter is complex based on the nature of the prosecution, and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

9. The parties also agree that the time until April 30, 2019, is excludable delay resulting from proceedings to determine the mental competency of defendant, pursuant to 18 U.S.C. § 3161(h)(1)(A);

10. The parties further agree that the time until April 30, 2019, is necessary for effective preparation of defense counsel, taking into account the exercise of due diligence, and that the ends of justice served by excluding the period from March 12, 2019, through April 30, 2019, from Speedy Trial

Act calculations outweigh the interests of the public and defendant in a speedy trial, in accordance with 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

IT IS SO STIPULATED.

DATED: March 29, 2019                                   Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
MATTHEW A. PARRELLA
Assistant United States Attorneys

/s/
ARKADY BUKH
Counsel for Yevgeniy Alexandrovich Nikulin

/s/
VALERY NECHAY
Counsel for Yevgeniy Alexandrovich Nikulin

## ORDER

Based upon the stipulation of counsel, and for good cause shown, the Court finds that the case is complex based on the nature of the prosecution and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Also based upon the stipulation of counsel, and for good cause shown, the Court finds that the time from March 12, 2019, through April 30, 2019, is excludable delay resulting from proceedings to determine the mental competency of defendant, pursuant to 18 U.S.C. § 3161(h)(1)(A).

Also based upon the stipulation of counsel, and for good cause shown, the Court finds that failing to exclude the time between March 12, 2019, and April 30, 2019, would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

1    The Court further finds that the ends of justice served by excluding the time between March 12,
2 2019, and April 30, 2019, from computation under the Speedy Trial Act outweigh the best interests of
3 the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).
4    Therefore, IT IS HEREBY ORDERED that the evidentiary hearing on competency shall be
5 continued from March 19, 2019, to April 30, 2019, at 8:00 a.m., and that the time from March 12, 2019,
6 to April 30, 2019, shall be excluded from computation under the Speedy Trial Act.
7 IT IS SO ORDERED.

9 Dated: _____
HON. WILLIAM ALSUP
10 United States District Judge

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA                     4