<b>
</b>

ARKADY BUKH
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
Phone: (718) 376-4766
Fax: (718) 376-3033
Email: honorable@usa.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:     415-652-8569
E-Mail:           valery@nechaylaw.com

Attorneys for Defendant
Yevgeniy Nikulin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br><br>YEVGENIY NIKULIN,<br><br>a/k/a "Chinabig01"<br>a/k/a "dex.007"<br>a/k/a "valeriy.krutov3"<br>a/k/a "itBlackHat",<br>              Defendant. | 3:16-cr-00440-WHA-1<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS TRIAL COUNSEL**<br><br>Date: July 16, 2019<br>Time: 2 pm<br>Hon. William Alsup |

Defense counsel Arkady Bukh**,** Esq., hereby submits this Motion for Hearing scheduled for July 16, 2019, at 2 pm before the Hon. William Alsup to Withdraw as Defendant's counsel pursuant to N.D. Cal. Criminal Local Rule Local Rule 44.2(b).

For the reasons stated below, Defendant's counsel respectfully requests that this Court issue

-1-

an order permitting Defendant's counsel to 1) withdraw from representation of Mr. Nikulin as his trial counsel in this matter; 2) continue representation on appeal filed on behalf of Defendant with the Ninth Circuit; 3) and such other and further relief that the Court sees as just and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Yevgeniy Nikulin was indicted on October 20, 2016 in the multiple-charge indictment, including 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C. § 1029(a)(2) - Trafficking in Unauthorized Access Devices; 18 U.S.C. § 1030(a)(2)(C) - Computer Intrusion; 18 U.S.C. § I030(a)(5)(A) – Intentional Transmission Causing Damage to a Protected Computer; 18 U.S.C. §§ 982(a)(2) (B), I029(c)(I)(C), 18 U.S.C. §§ 1030(i) and (j) - Forfeiture.

Mr. Nikulin was initially arrested in 2016 by Czech Police in the city of Prague, the Czech Republic after the United States authorities issued an international arrest warrant for him. In March of 2018, he was extradited to the United States. On March 30, 2018, he appeared before Magistrate Judge Jacqueline Scott Corley and entered a plea of not guilty to the aforementioned charges.

Initially, Ms. Gabriela Bischof, a Federal Public Defender, was appointed to represent Mr. Nikulin. Defendant's current counsel, Arkady Bukh, of Bukh Law Firm, PLLC, entered his appearance in this case on April 11, 2018. On April 11, 2018, this Court granted Mr. Bukh's application to appear Pro Hac Vice in this matter. ECF No. 17.

Since his entry into the case, Mr. Bukh, Valery Nechay (Bukh Law Firm's local counsel in San Fransisco), and Messrs. Igor Litvak and George Grasso (Bukh Law Firm's of counsel attorneys), and members of the Law Firm's staff have met with Mr. Nikulin in person at least a dozen times, and have had several dozen telephonic conversations with Mr. Nikulin, during which he always acted, at best, very strangely.

During the entire course of the firm's representation, Mr. Nikulin's communicative

responses to counsel, along with his actions and overall demeanor were highly indicative of severe mental inadequacy. Even as "laypersons" in this sense, so to speak, counsel believed that it was likely that Defendant was suffering from some form of mental illness, which renders him to be incompetent to stand trial as he is not able to understand the proceedings and not capable of assisting properly in his defense. Moreover, Defendant has completely ignored all his attorneys' advises and demands, rendering the firm's legal assistance unnecessary.

Specifically, during an initial consultation with Mr. Bukh and Ms. Nechay held on April 17, 2018, Mr. Nikulin did not answer his counsels' questions regarding the charges and the case background; instead, he either cried or he asked questions like "how is the weather outside?" "how do you feel?", "how is Anna [his girlfriend] doing?"

Similarly, when Ms. Nechay visited him at Santa Rita jail in the beginning of May and in the end of May of 2018, Mr. Nikulin did not answer a single question about the case. During Mr. Litvak's visit on June 1, 2018, Mr. Nikulin did not answer simple questions like "how old are you?", "what city are you from?" Instead, Mr. Nikulin was staring at the ceiling and laughing.

As the case progressed, Mr. Nukulin's mental condition has not improved. Ms. Nechay has visited Mr. Nikulin in jail at least six times and has observed the same type of behavior as described above. As for the attorneys and staff based out of the Law Firm's New York office, in addition to their meetings with Mr. Nikulin during the various court appearances, there have been several dozen telephone conferences with Mr. Nikulin throughout the duration of the firm's representation of Mr. Nikulin, during which Mr. Nikulin has been totally irresponsive to even the most basic legal questions. His parents, as well as his girlfriend, have also indicated to defense counsel that Mr. Nikulin has acted in the same strange way during phone conferences with them.

It is also relevant to note that Mr. Nikulin's medical records from Alameda County Behavioral Health Care Services indicate that he, for several months, has either refused to engage in

conversations with medical staff or has acted inadequately in the presence of the mental health professionals.

Finally, Defendant's counsel received a letter from Defendant's Czech attorneys, in which Mr. Martin Sadilek raised serious concerns about Mr. Nikulin's mental conditions. The letter states: "By this examination result [Mr. Nikulin] was hospitalized in a Psychiatric hospital, where he stayed from 10/5/2016 until 10/10/2016. Doctors in psychiatric hospital diagnosed "F430" which means acute stress response (response to severe stress and adaptati on disorders). During the hospitalization in psychiatric hospital Y.N. was locked in the room, watched by camera, strapped to a bed with straps around his wrists and ankles and there was no possibility to go for toilet, only the diaper was used." Mr. Martin Sadilek concluded that "[i]n last 2 months it was very difficult to have a conversation with Y.N., to get some answer from him and his moods were changing a lot during a short time."

As such, on August 10, 2018, the firm filed Motion a Hearing to Determine Mental Competency to Stand Trial and for Psychiatric Examination, pursuant to 18 U.S.C. § 4241 (a) and (b). ECF No. 49.

At defense counsel's request, two mental health experts have evaluated Mr. Nikulin and provided their written reports to the Court. Dr. Lesli Johnson, the government's expert, concluded that the defendant is presently competent to stand trial. The defendant's retained psychiatrist, Dr. Alexander Grinberg, upon reviewing of numerous documents, communications with family members, attorneys, and conducting an evaluation interview concluded that Mr. Nikulin suffers from posttraumatic chronic stress disorder, dissociative disorder, and psychotic disorder, and as such, he is not competent to stand trial.

On April 30, 2019, the Court held an evidentiary hearing at which both Dr. Johnson and Dr. Grinberg testified and were cross-examined. At the conclusion of the hearing, the Court ordered the

-4-

parties to submit briefs on the issue of the defendant's competency to stand trial.

On May 29, 2019, the Court issued an Order finding that "defendant is able to understand the nature and consequences of the proceedings against him and is able to assist properly in his defense." ECF No. 94 at 1.

After the issuance of this order, Mr. Nikulin demeanor and behavior did not change at all. In fact, during Mr. Bukh's visit on or about June 17, 2019, Mr. Nikulin made bizarre requests, which cannot be disclosed based on the attorney-client privilege, but their nature and the way they were asked indicate that Mr. Nikulin simply is not sane.  This was the last straw that convinced the undersigned that it would be a travesty of justice and a breach of the ethical norms to continue representing Mr. Nikulin in this matter.

## ARGUMENT

Pursuant to N.D. Cal. Criminal Local Rule Local Rule 44.2(b), Withdrawal of Counsel "An attorney who wishes to withdraw must file a motion to withdraw, showing good cause for allowing the attorney to withdraw. Failure of the defendant to pay agreed compensation may not necessarily be deemed good cause. Notice of the motion shall be given to the defendant and all parties to the case. The attorney continues to represent the party until entry of a court order granting leave to withdraw."

In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation. See U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrig., Inc., No. C-09-3219 JCS, 2010 U.S. Dist. LEXIS 42700, at *8-9 (N.D. Cal. Mar. 31, 2010), California Native Plant Society v. United States E.P.A., 2008 U.S. Dist. LEXIS 95167, 2008 WL 4911162 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 3-700(C)(1)(f), an attorney may request permission to

withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." California Rule of Professional Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. Id. (citing LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir.1998)). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal. Washington v. Fresno County Sheriff, No. 1:14-cv-00129-SAB, 2018 U.S. Dist. LEXIS 80154, at *5-6 (E.D. Cal. May 11, 2018).

For example, in U.A. Local 342 Joint Labor-Mgmt. Comm., Defendant's counsel has requested leave to withdraw, after giving Defendant written notice, on the basis that Defendant has failed to pay fees and costs due under its engagement agreement with counsel and has failed to cooperate or communicate effectively with counsel. The Court found that these reasons support a finding of good cause to grant Defendant's counsel leave to withdraw representation. Similarly, in Hartford Fire Ins. Co. v. NBC Gen. Contrs. Corp., No. C 09-5363 SBA, 2014 U.S. Dist .LEXIS 29814, at *3-4 (N.D. Cal. Mar. 5, 2014), counsel's leave to withdraw as counsel of record for Defendants was granted on two grounds: (1) Defendants have failed cooperate and communicate with counsel regarding this matter and (2) Defendants have failed to pay counsel for legal services.

It should be noted that the withdrawal is also warranted under New York law, the state of admission of the members of Bukh Law Firm. Specifically, NEW YORK RULES OF PROFESSIONAL CONDUCT, RULE 1.16 states that "**a lawyer may withdraw from representing a client when . . . (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; . . . (7) the client fails to cooperate in the**

**representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."**

Under New York law, the general rule is that an attorney may terminate the attorney-client relationship "at any time for a good and sufficient cause and upon reasonable notice." Matter of Dunn, 205 N.Y. 398, 403 (1912); Green v. Gaspari 24 A.D.3d 505, 808 N.Y.S.2d 292 (2d Dep't 2005).

A lawyer is allowed "to withdraw from representing a client if the client, by his or her conduct, renders it unreasonably difficult for the lawyer to carry out employment effectively. The courts of New York routinely grant motions to withdraw as counsel on the ground of a breakdown in the attorney-client relationships. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991). Attorneys should not be placed in a trap of having to continue representing a client who refuses to cooperate or assist or even communicate with the attorney." Dillon v. Otis Elevator Co. et al, 22 A.D.3d 1, 800 N.Y.S.2d 385 (1st Dep't 2005).

Moreover, "[t]his includes irreconcilable differences between the attorney and the client with respect to the course to be pursued in litigation." Winters v. Rise Steel Erection Corp., 231 A.D.2d 626, 647 N.Y.S.2d 962 (2d Dep't 1996); Walker v. Mount Vernon Hosp., 5 A.D.3d 590, 772 N.Y.S.2d 832 (2d Dep't 2004) ; Charles Lake v. M.P.C. Trucking, Inc., 279 A.D.2d 813, 718 N.Y.S.2d 903 (3rd Dep't 2001); Wachovia Mtge. FSB v. Akpinar, 2012 N.Y. Misc. LEXIS 790, *40-41, 2012 NY Slip Op 30412(U), 13 (N.Y. Sup. Ct. Feb. 14, 2012).

Additionally, according to the Rules of Professional conduct, the lawyer may withdraw from representation when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." 22 N.Y.C.C.R. 1200.0, Rule 1.16(c)(7). Indeed, attorneys should not be placed in a trap of having to continue representing a client who refuses to cooperate or assist or even communicate with the attorney." Dillon v. Otis Elevator Co. et al, 22 A.D.3d 1, 800 N.Y.S.2d 385 (1st Dep't 2005).

Finally, the courts of New York routinely grant motions to withdraw as counsel on the grounds of nonpayment of legal fees and/or a breakdown in the attorney-client relationship. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991).

Here, as described in details in the accompanied Declaration of Arkady Bukh, Mr. Nukulin has been completely incapable of assisting properly in his defense. Rather than assisting in his own defense, Defendant has chosen not to talk about this matter at all. Instead, he has made bizarre requests and discussed topics completely irrelevant to this proceedings. Moreover, he completely ignored all of his attorneys' advises and demands. The undersigned strongly believes that it would be a travesty of justice and a breach of ethical norms to continue representing Mr. Nikulin in the upcoming trial.

Additionally, Mr. Nikulin's parents have recently indicated to the undersigned that they do not have the financial ability to continue paying the firm's legal fees concerning the upcoming trial and stated that due to that reason they consent to the firm's withdrawal as Mr. Nikulin's attorney.

Last but not least, at this stage of litigation, there will not be any prejudice to the

Government or disruption to an existing case schedule. See Winkfield v. Kirschenbaum & Philllips, P.C., 2013 WL 371673, at *1 (S.D.N.Y. Jan 29, 2013) (when a case is not "on the verge of trial readiness, withdrawal of counsel is unlikely to cause either prejudice or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw"). Courts have frequently granted motions to withdraw from cases at much later stages of litigation. See, e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc., 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006)(granting counsel's motion to withdraw due to fact that trial was months away); Spadola v. New York City Trans. Auth., 2002 WL 59423 at *1 (S.D.N.Y. Jan 16, 2002)(allowing counsel to withdraw where client "would not be unduly prejudiced by his counsel's withdrawal at this state of litigation.").

While the undersigned strongly believes that his firm ethically should be prohibited from representing Mr. Nikulin on trial, he respectfully requests that the Court permit his firm (by its of counsel Igor Litvak, Esq.) to represent Mr. Nikulin in the appeal. This dichotomy is warranted because the firm's firsthand and unique knowledge concerning Mr. Nikulin's mental conditions and behavior is highly beneficial to his representation on appeal.

Thus, for the reasons stated above the firm's continued representation of Defendants in this trial is not possible for ethical concerns.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendant's counsel respectfully requests that this court issued an Order permitting Bukh Law Firm to withdraw as Defendant's trial counsel while allowing it representing Mr. Nikulin in the appeal.

Dated: June 25, 2019                               Respectfully submitted,


                                                   / s/ Arkady Bukh
                                                   _____
                                                   Arkady Bukh, Esq.
                                                   Attorney for Yevgeniy Nikulin

Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
(718) 376-4766
honorable@usa.com