ARKADY BUKH
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
Phone: (718) 376-4766
Fax: (718) 376-3033
Email: honorable@usa.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:	415-652-8569
E-Mail:		valery@nechaylaw.com

Attorneys for Defendant
Yevgeniy Nikulin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>YEVGENIY NIKULIN,<br><br>a/k/a "Chinabig01"<br>a/k/a "dex.007"<br>a/k/a "valeriy.krutov3"<br>a/k/a "itBlackHat",<br>                                        Defendant. | 3:16-cr-00440-WHA-1<br><br>**DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS TRIAL COUNSEL** |

Arkady Bukh., an attorney appearing Pro Hac Vice in this matter, attorney for Defendant YEVGENIY NIKULIN, hereby affirms the following to be true under penalty of perjury. I make the following declaration based upon my knowledge, except as to those matters which are herein stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I can and would competently testify thereto :

1. My firm was retained to represent Mr. YEVGENIY NIKULIN in this matter in April of 2018.

2. Defendant Yevgeniy Nikulin was indicted on October 20, 2016, in the multiple-charge indictment, including 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C. § 1029(a)(2) - Trafficking in Unauthorized Access Devices; 18 U.S.C. § 1030(a)(2)(C) - Computer Intrusion; 18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission Causing Damage to a Protected Computer; 18 U.S.C. §§ 982(a)(2) (B), 1029(c)(I)(C), 18 U.S.C. §§ 1030(i) and (j) - Forfeiture.

3. Mr. Nikulin was initially arrested in 2016 by Czech Police in the city of Prague, the Czech Republic after the United States authorities issued an international arrest warrant for him. In March of 2018, he was extradited to the United States. On March 30, 2018, he appeared before Magistrate Judge Jacqueline Scott Corley and entered a plea of not guilty to the aforementioned charges.

4. Initially, Ms. Gabriela Bischof, a Federal Public Defender, was appointed to represent Mr. Nikulin. Defendant's current counsel, Arkady Bukh, of Bukh Law Firm, PLLC, entered his appearance in this case on April 11, 2018. On April 11, 2018, this Court granted Mr. Bukh's application to appear Pro Hac Vice in this matter. ECF No. 17.

5. Since his entry into the case, Mr. Bukh, Valery Nechay (Bukh Law Firm's local counsel in San Fransisco), and Messrs. Igor Litvak and George Grasso (Bukh Law Firm's of

counsel attorneys), and members of the Law Firm's staff have met with Mr. Nikulin in person at least a dozen times, and have had several dozen telephonic conversations with Mr. Nikulin, during which he always acted very strangely.

6. During the entire course of my firm's representation, Mr. Nikulin's communicative responses to counsel, along with his actions and overall demeanor were highly indicative of severe mental inadequacy. Even as "laypersons" in this sense, so to speak, counsel believed that it was likely that Defendant was suffering from some form of mental illness, which renders him to be incompetent to stand trial as he is not able to understand the proceedings and not capable of assisting properly in his defense. Moreover, Defendant completely ignored all his attorneys' advises and demands.

7. Specifically, during an initial consultation with Mr. Bukh and Ms. Nechay held on April 17, 2018, Mr. Nikulin did not answer his counsels' questions regarding the charges and the case background; instead, he either cried or he asked questions like "how is the weather outside?" "how do you feel?", "how is Anna [his girlfriend] doing?"

8. Similarly, when Ms. Nechay visited him at Santa Rita jail in the beginning of May and in the end of May of 2018, Mr. Nikulin did not answer a single question about the case. During Mr. Litvak's visit on June 1, 2018, Mr. Nikulin did not answer simple questions like "how old are you?", "what city are you from?" Instead, Mr. Nikulin was staring at the ceiling and laughing.

9. As the case progressed, Mr. Nukulin's mental condition has not improved. Ms. Nechay has visited Mr. Nikulin in jail at least six times and has observed the same type of behavior as described above. As for the attorneys and staff based out of the Law Firm's New York office, in addition to their meetings with Mr. Nikulin during the various court appearances, there have been several dozens telephone conferences with Mr. Nikulin throughout the duration of the Firm's representation of Mr. Nikulin, during which Mr. Nikulin has been totally irresponsive to even the

most basic questions. His parents, as well as his girlfriend, have also indicated to Defense counsel that Mr. Nikulin has acted in the same strange way during phone conferences with them.

10. It is also relevant to note that Mr. Nikulin's medical records from Alameda County Behavioral Health Care Services indicate that he, for several months, has either refused to engage in conversations with medical staff or has acted inadequately in the presence of the mental health professionals.

11. Finally, Defendant's counsel received a letter from Defendant's Czech attorneys, in which Mr. Martin Sadilek raised serious concerns about Mr. Nikulin's mental conditions. The letter states: "By this examination result [Mr. Nikulin] was hospitalized in Psychiatric hospital, where he stayed from 10/5/2016 until 10/10/2016. Doctors in psychiatric hospital diagnosed "F430" which means acute stress response (response to severe stress and adaptati on disorders). During the hospitalization in psychiatric hospital Y.N. was locked in the room, watched by camera, strapped to a bed with straps around his wrists and ankles and there was no possibility to go for toilet, only the diaper was used." Mr. Martin Sadilek concluded that "[i]n last 2 months it was very difficult to have a conversation with Y.N., to get some answer from him and his moods were changing a lot during a short time."

12. As such, on August 10, 2018, the undersigned filed Motion a Hearing to Determine Mental Competency to Stand Trial and for Psychiatric Examination, pursuant to 18 U.S.C. § 4241 (a) and (b). ECF No. 49.

13. At defense counsel's request, two mental health experts have evaluated Mr. Nikulin and provided their written reports to the Court. Dr. Lesli Johnson, the government's expert, concluded that the defendant is presently competent to stand trial. The defendant's retained psychiatrist, Dr. Alexander Grinberg, upon reviewing of numerous documents, communications with family members, attorneys, and conducting an evaluation interview concluded that Mr.

Nikulin suffers from posttraumatic chronic stress disorder, dissociative disorder, and psychotic disorder, and as such, he is not competent to stand trial.

14. On April 30, 2019, the Court held an evidentiary hearing at which both Dr. Johnson and Dr. Grinberg testified and were cross-examined. At the conclusion of the hearing, the Court ordered the parties to submit briefs on the issue of the defendant's competency to stand trial.

15. On May 29, 2019, the Court issued an Order finding that "defendant is able to understand the nature and consequences of the proceedings against him and is able to assist properly in his defense." ECF No. 94 at 1.

16. After the issuance of this order, Mr. Nikulin demeanor and behavior did not change at all. In fact, during the undersigned's visit on or about June 17, 2019, Mr. Nikulin made bizarre requests, which cannot be disclosed based on the attorney-client privilege, but their nature and the way they were asked indicate that Mr. Nikulin simply is not sane. This was the last straw that convinced the undersigned that it would be a travesty of justice and a breach of the ethical norms to continue representing Mr. Nikulin in this matter.

17. As such, the firm, by its of counsel Igor Litvak Esq., files a Notice of Appeal challenging the May 29, 2019 Order. The undersigned respectfully requests that the Court permit his firm to withdraw as Mr. Nikulin's _trial_ counsel while allowing representing Mr. Nikulin in the appeal. This dichotomy is warranted because my firm's firsthand and unique knowledge concerning Mr. Nikulin's mental conditions and behavior is highly beneficial for his representation on appeal.

18. Additionally, Mr. Nikulin's parents have recently indicated to me that they do not have the financial ability to continue paying my firm's legal fees concerning the upcoming trial and stated that due to that reason they consent to my firm's withdrawal as Mr. Nikulin's attorney.

19. I served the Defendant Mr. Nikulin with the motion to withdraw as trial counsel and accompanying papers by certified first-class mail on June 25, 2019.

20. Therefore, for the reasons stated in the Motion, I respectfully request that the Court permit my firm to withdraw as Defendant's trial counsel while allowing to represent Mr. Nikulin in the appeal.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on June 25, 2019 at New York, New York.

/ s/  Arkady Bukh
_____
ARKADY BUKH ESQ..
Attorney for Yevgeniy Nikulin
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
(718) 376-4766
honorable@usa.com

.