DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 16-00440 WHA |
| Plaintiff, | ) |
| | ) STIPULATION AND [PROPOSED] ORDER |
| v. | ) EXCLUDING TIME FROM JUNE 11, 2019, |
| | ) THROUGH MARCH 9, 2020, AND SETTING |
| YEVGENIY ALEXANDROVICH NIKULIN, | ) PRETRIAL SCHEDULE |
| Defendant. | ) |

Defendant Yevgeniy Nikulin, represented by appointed counsel Adam Gasner and Valery Nechay, and the United States, represented by Assistant United States Attorney Michelle J. Kane, hereby stipulate to the following:

1. The parties appeared before this Court on April 30, 2019, for an evidentiary hearing on the defendant's mental competency. The Court set a post-hearing briefing schedule and set the matter for further status conference June 11, 2019.

2. Following additional briefing, the Court issued an Order finding the defendant competent to stand trial.

3. The parties appeared for the status conference on June 11, 2019. The Court, with the

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA

1 agreement of the parties, set a trial date of January 13, 2020. The Court agreed that the parties could submit a proposed pretrial schedule.

4.  The parties appeared again for a status conference on June 18, 2019. The Court ordered the Bukh law firm to any motion to withdraw as counsel by June 25, 2019, which it did. ECF No. 106.

5.  The Court heard the motion to withdraw on August 6, 2019, at which time the Court granted the motion and provisionally appointed Valery Nechay and Adam Gasner as defense counsel.

6.  On August 20, 2019, the Court held a status conference. New counsel for defendant represented that they had been diligently reviewing discovery but requested that the trial date be continued to March 2020 to provide adequate time for preparation. The Court set the trial to begin March 9, 2020, with a further status conference September 17, 2019.

7.  The parties agree that the deadlines for motions to suppress, motions alleging any defect in instituting the prosecution, motions for disclosure of informants, or motions alleging selective prosecution set in the Court's previous scheduling order have passed. ECF No. 43. The parties therefore request the following pretrial schedule:

- November 20, 2019: deadline for government expert disclosures, exhibit and witness lists;
- December 11, 2019: deadline for government disclosure of proposed Rule 404(b) material;
- January 8, 2019: deadline for Fed. R. Crim. P. 16 defense reciprocal disclosures, including expert disclosures, and Fed. R. Crim. P. 12.1 and 12.2 defense notices;
- January 8, 2019: deadline for government to provide defendant translations or transcripts of conversations or statements to be shown to the jury, deadline for Daubert or other motions directed at government experts;
- January 29, 2020: deadline to file all motions for the final pretrial conference, which shall include for both defendant and the government, any motions in limine, motions to exclude co-conspirator statements, government Daubert motions or other motions directed at defense experts, motions to exclude/include Rule 404(b) acts, and motions directed at the accuracy of transcripts of recordings to be shown to the jury;
- February 12, 2020: deadline to file oppositions to pretrial motions, deadline for government rebuttal expert disclosures;

STIPULATION & [PROPOSED] ORDER
CR 16-00440 WHA                    2

- February 26, 2020: final pretrial conference at 2:00 p.m.

8. The Court, at the request of the parties, previously designated the case as complex based on the nature of the prosecution, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) ("it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]");

9. The parties continue to agree that the matter is complex based on the nature of the prosecution, and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

10. As agreed at the June 11, June 18, and August 20, 2019, appearances, the parties further agree that the time until March 9, 2020, is necessary for effective preparation of defense counsel, taking into account the exercise of due diligence, and that the ends of justice served by excluding the period from June 11, 2019, through March 9, 2020, from Speedy Trial Act calculations outweigh the interests of the public and defendant in a speedy trial, in accordance with 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

IT IS SO STIPULATED.

DATED: September 16, 2019   Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


/s/
MICHELLE J. KANE
Assistant United States Attorney


/s/
ADAM GASNER
Counsel for Yevgeniy Alexandrovich Nikulin


/s/
VALERY NECHAY
Counsel for Yevgeniy Alexandrovich Nikulin

**ORDER**

Based upon the stipulation of counsel, and for good cause shown, the Court HEREBY ORDERS the pretrial schedule set out above and sets a pretrial conference for February 26, 2020, at 2:00 p.m.

Also based upon the stipulation of counsel, and for good cause shown, the Court finds that the case is complex based on the nature of the prosecution and that it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Also based upon the stipulation of counsel, and for good cause shown, the Court finds that failing to exclude the time from June 11, 2019, through March 9, 2020, would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court further finds that the ends of justice served by excluding the time between June 11, 2019, and March 9 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Therefore, IT IS HEREBY ORDERED that the time from June 11, 2019, and March 9, 2020, shall be excluded from computation under the Speedy Trial Act.

IT IS SO ORDERED.

Dated:

HON. WILLIAM ALSUP
United States District Judge