DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 16-00440 WHA |
| Plaintiff, | ) |
|  | ) UNITED STATES' EX PARTE APPLICATION |
| v. | ) FOR AN ORDER AND [PROPOSED] ORDER |
|  | ) AUTHORIZING RELEASE OF GRAND JURY |
| YEVGENIY ALEXANDROVICH NIKULIN, | ) TRANSCRIPTS |
|  | ) |
| Defendant. | ) Trial: March 9, 2020 |
|  | ) Pretrial Conference: February 26, 2020 |
|  | ) Time: 2:00 p.m. |
|  | ) Courtroom No. 12 |

    The government respectfully applies *ex parte* for an order pursuant to Federal Rule of Criminal Procedure 6(e) authorizing the government to provide defendant's counsel copies of the grand jury testimony of witnesses whom the government may call at trial. This application is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

    Federal Rule of Criminal Procedure 6(e)(3)(E) provides in part that "The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter (i) preliminarily to or in connection with a judicial proceeding." The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa.

1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.,* 55 F.2d 254 (D. Md. 1931)); *accord Procter & Gamble Co.*, 356 U.S. at 681-82, n.6.

In this case, the policy considerations requiring secrecy apply with diminished force. The case has already been indicted, and the matter is set to proceed to trial on March 9, 2020. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). Due to the procedural posture of this case, allowing limited disclosure of grand jury materials in preparation for or use by the parties at trial would not frustrate the concerns of grand jury secrecy. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit defendant's counsel to have Jencks material in advance of trial pursuant to 18 U.S.C. § 3500.

//

Accordingly, the government moves this Court to issue an order authorizing the government to provide defendant's counsel with copies of the grand jury testimony of witnesses whom the government may call at trial.

DATED: November 19, 2019                          Respectfully submitted,

                                                  DAVID L. ANDERSON
                                                  United States Attorney


                                                  /s/
                                                  MICHELLE J. KANE
                                                  Assistant United States Attorney


## [PROPOSED] ORDER

Having considered the United States' Application for an Order Authorizing the Release of Grand Jury Transcripts, it is hereby ORDERED that the attorneys for the United States may disclose to counsel for the defendant a copy of the grand jury testimony of witnesses the government may call at trial, pursuant to the Jencks Act, 18 U.S.C. § 3500, et seq.

IT IS FURTHER ORDERED that defense counsel shall not disclose such grand jury testimony to any other persons, except as necessary in preparation of the defense, without prior authorization from this Court, and that the copy of the testimony provided to defense counsel (and any reproductions or copies made of the produced copy) shall be returned to the government at the conclusion of proceedings in this case.

DATED: November 21, 2019.

                                                  HONORABLE WILLIAM ALSUP
                                                  United States District Judge