DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | UNITED STATES' NOTICE OF EXPERT TESTIMONY OF FBI SPECIAL AGENT JEFFREY S. MILLER |
| v. | |
| YEVGENIY ALEXANDROVICH NIKULIN, | Trial: March 9, 2020 |
| Defendant. | Pretrial Conference: February 26, 2020<br>Time: 2:00 p.m.<br>Courtroom No. 12 |

**Introduction**

The United States hereby provides notice of its intent to introduce expert testimony at trial in its case in chief from Federal Bureau of Investigation Special Agent Jeffrey S. Miller, under FRE Rules 702, 703, and/or 705 of the Federal Rules of Evidence. This disclosure is made pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The United States also provides notice of its intent to produce lay opinion and non-expert testimony in its case-in-chief from Special Agent Miller, described below, under FRE Rule 701. Although some of the testimony elicited from this witness is properly characterized as lay witness testimony, and not expert opinion, the government, in an abundance of caution, provides notice of the witnesses' testimony and qualifications, to the extent that

U.S. EXPERT NOTICE RE FBI SPECIAL AGENT MILLER
CR 16-00440 WHA

the Court considers all of this testimony to be expert testimony.[1]

## Witness' Qualifications

Special Agent Miller has been employed as a special agent with the FBI assigned to the investigation of cyber-crime since May 2010. His training included attending the twenty-one week FBI new agent basic training during which he received instruction on various aspects of federal investigations. Since graduating from the FBI Academy, and being assigned to the San Francisco Field Office, Special Agent Miller has been assigned to investigate high technology and cybercrime offenses and has been involved in investigations of computer-related offenses, including computer intrusions, trafficking in unauthorized access devices, identity theft, wire fraud, internet extortion, and other criminal matters.

Prior to joining the FBI, Special Agent Miller obtained a Bachelor of Science degree in Computer Technology with an emphasis on networking from Purdue University in West Lafayette, Indiana. As an FBI agent, his continued education on computer-related topics has included the completion of courses at the SANS Institute including Introduction to Information Security, Security Essentials, and Mac [Apple] Forensics Analysis. Special Agent Miller is also a certified FBI Digital Extraction Technician ("DEXT"), which requires completion of a two-week training course in the imaging and review of electronic evidence.

## Computer Forensic Testimony

Special Agent Miller is expected to testify that he reviewed evidence extracted from a forensic image of a computer obtained through an MLAT request to Ukraine (YN014838), as described in the Forensic Toolkit ("FTK") reports produced at YN014111. Special Agent Miller is expected to testify regarding the processes used to extract and review evidence through FTK. This testimony may include a description of the data; where the data was found; if available, the date the data was created; and, if

---

[1] The Ninth Circuit has held that many observations, even by law enforcement personnel, which are common enough yet still require a limited amount of expertise, can properly be characterized as lay opinion. *See United States v. Von Willie*, 59 F.3d 922, 929 (9th Cir. 1995) (police officer's testimony regarding nexus between drug trafficking and possession of weapons was admissible as lay witness opinion; "these observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion."); *see also* Fed. R. Evid. 701 (lay witness testimony "in the form of opinions or inferences" permitted when "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue").

available, the date the data was last altered or accessed. In testifying about his review of the image, Special Agent Miller may discuss the hardware and software involved in forensic review and analysis.

The bases and reasons for this part of Special Agent Miller's testimony are his education, training, experience, and familiarity with computers, computer forensic extraction, and forensic review. The bases and reasons for his opinions also include the analysis of the evidence seized in the criminal investigation of this case and may include the reports of law enforcement agents involved in this investigation.

The government believes that this testimony will be more "fact" testimony regarding the existence of or the location of certain data on the computer image or the regular operation of the FTK software, rather than "expert" testimony, regarding the details of the computer's functioning or of the forensic extraction process. The witness's expertise will only be offered to the extent necessary to establish that his technical and specialized knowledge allowed him to process and examine data contained in the image.

### Testimony Regarding the Market for and Uses of Stolen Online Credentials

Special Agent Miller also expected to testify regarding the online market for stolen website credentials and the uses that criminals have for such stolen credentials. He will testify that there is a robust underground market for user names and passwords, including encrypted passwords. This testimony will include a description of the roles that various individuals play in the market. The testimony is also anticipated to include a description of the process of decrypting stolen credentials for use or sale, including the meaning of the term "bruter," which is someone who uses a "brute-force attack" to decrypt data. Special Agent Miller will also testify regarding the typical purchase prices for different types of stolen credentials in 2012. He will testify about how buyers and sellers of stolen credentials transfer payment, including Western Union, and about the role of middlemen in enabling such transactions. Special Agent Miller will also testify about the uses for stolen credentials, including "spamming," that is, using accounts compromised through stolen credentials to send unwanted commercial email.

The bases and reasons for this part of Special Agent Miller's testimony are his training, experience, and familiarity with computer intrusions and the sales of credentials stolen in such

intrusions. The bases and reasons for his opinions also include the analysis of the evidence seized in the criminal investigation of this case and may include the reports of law enforcement agents involved in this investigation.

The government believes that some of all of this testimony will be fact testimony and lay opinion rather than "expert" testimony. The witness's expertise will only be offered to the extent that the witness' technical and specialized knowledge allowed him to process and examine the image.

**Bifurcation of Testimony**

Because Special Agent Miller is the lead case agent and expects to testify regarding the investigation more generally, the government will bifurcate his testimony to distinguish between the non-expert and expert portions of his testimony. The government will also offer 9th Circuit Model Criminal Jury Instruction 4.14 (Opinion Evidence, Expert Witness) as a limiting instruction at the time any expert testimony by Special Agent Miller is received.

The Government hereby reserves the right to supplement this Notice as warranted. Pursuant to Rule 16(b)(1)(C), the Government requests that the defendant disclose any testimony that he intends to use under Rules 702, 703, and/or 705 of the Federal Rules of Evidence as evidence at trial.

DATED: December 4, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
Assistant United States Attorney