1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MICHELLE J. KANE (CABN 210579)
   KATHERINE L. WAWRZYNIAK (CABN 252751)
5  Assistant United States Attorney

6      1301 Clay Street, Suite 340S
       Oakland, California 94612
7      Telephone: (510) 637-3680
       FAX: (510) 637-3724
8      michelle.kane3@usdoj.gov
       katherine.wawrzyniak@usdoj.gov
9
   Attorneys for United States of America
10
                  UNITED STATES DISTRICT COURT
11
                NORTHERN DISTRICT OF CALIFORNIA
12
                    SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,              )   No. CR 16-00440 WHA
                                           )
15              Plaintiff,                  )   **UNITED STATES' MOTION IN LIMINE NO.**
                                           )   **TWO TO EXCLUDE EXPERT TESTIMONY OF**
16       v.                                 )   **TAMI LOEHRS.**
                                           )
17  YEVGENIY ALEXANDROVICH NIKULIN,         )   Trial: March 9, 2020
                                           )   Pretrial Conference: February 19, 2020
18              Defendant.                  )   Time: 1:30 p.m.
                                           )   Courtroom No. 12
19                                          )
    _____    )

20                        **I. INTRODUCTION**

21          Defendant Yevgeniy Nikulin is charged in an Indictment with three counts of computer

22  intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of

23  information, code, or command causing damage to a protected computer, in violation of 18 U.S.C. §

24  1030(a)(5)(A); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); one

25  count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and one

26  count of conspiracy, in violation of 18 U.S.C. § 371. Defendant has provided a summary notice that he

27  may introduce expert testimony by a computer forensic examiner. Because the notice provided does not

28

contain any information on the expert's opinions or bases for those opinions, the Court should exclude the proposed testimony.

## II. BACKGROUND

On January 15, 2020, defendant filed a Notice of Expert Testimony of Digital Forensics Expert Tami Loehrs. ECF No. 133. The notice includes general information about Ms. Loehrs background as a forensics examiner. It does not include any information on her anticipated testimony, opinions, bases for those opinions, the materials she examined, or any other substantive topic relevant to this case. The notice further states that "the defense is not yet in receipt of Ms. Loehrs opinion" but will provide it when it has received the opinion and determines it is helpful to the defense.

## III. ARGUMENT

Pursuant to Federal Rule of Evidence 702, an expert may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." District courts perform a gatekeeping role to prevent unreliable expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The decision as to whether to admit or exclude an expert is an individualized inquiry and district courts "must strike the appropriate balance between admitting reliable, helpful expert testimony and excluding misleading or confusing testimony…" *United States v. Cordoba*, 104 F.3d 225, 228 (9th Cir. 1997) *quoting United States v. Rincon*, 28 F.3d 921, 926 (9th Cir. 1994). Expert testimony, like all evidence, must also be relevant as defined in Federal Rules of Evidence 401 and 402. The disclosure provided by defendant does not enable the Court or the United States to evaluate the admissibility of Ms. Loehrs expert testimony pursuant to Rule 702. Without information regarding her anticipated opinions, there is no way to determine whether the testimony would be relevant, reliable, or helpful. For that reason, the Court should exclude the testimony.

Moreover, Federal Rule of Criminal Procedure 16(b)(1)(C) requires a defendant, at the government's request, to give a summary of any proposed testimony under Fed. R. Evid. 702. The government has made such a request, and has complied with Fed. R. Crim. P. 16(a)(1)(G) with its own expert notices. Moreover, the Court, with the parties' agreement, has ordered both parties to disclose expert testimony prior to trial. ECF Nos. 118, 121. The defendant's notice does not provide the United

States the witness's opinions, or the bases and reasons for those opinions, as required by Rule 16(b)(1)(C). Absent a summary of the expert testimony by which the United States can evaluate its relevance, helpfulness, and reliability, the Court should exclude Ms. Loehrs' testimony. Should the defense provide such a summary, the United States may move to exclude the proposed testimony on more specific grounds.

## IV. CONCLUSION

The United States therefore moves *in limine* for an order excluding expert testimony by Tami Loehrs.

DATED: January 22, 2020                              Respectfully submitted,

                                                    DAVID L. ANDERSON
                                                    United States Attorney


                                                    /s/_____
                                                    MICHELLE J. KANE
                                                    KATHERINE L. WAWRZYNIAK
                                                    Assistant United States Attorneys