DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    katherine.wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE NO. THREE RE OPENING STATEMENTS.** |
| v. | Trial: March 9, 2020 |
| YEVGENIY ALEXANDROVICH NIKULIN, | Pretrial Conference: February 19, 2020 |
| Defendant. | Time: 1:30 p.m. |
| | Courtroom No. 12 |

## I. INTRODUCTION

Defendant Yevgeniy Nikulin is charged in an Indictment with three counts of computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or command causing damage to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy, in violation of 18 U.S.C. § 371. Defendant has indicated that he does not intend to introduce any exhibits at trial and has only one potential witness, a computer forensic examiner. The

United States therefore moves to preclude presentation of information in opening statements that defendant does not reasonably anticipate will be supported by evidence admitted at trial.

## II. BACKGROUND

On January 15, 2020, defendant filed a witness list indicating one potential witness, a proposed expert digital forensics examiner. ECF No. 134. Defendant also filed an exhibit list indicating that he does not presently have any exhibits that he intends to introduce at trial. ECF No. 135.

## III. ARGUMENT

It is axiomatic that counsel may not reference facts in opening statement that they do not reasonably anticipate will be introduced at trial. Nevertheless, defense counsel often include a recitation of the defendant's personal history during opening statements that is never supported by factual evidence introduced at trial. Counsel's statements may include references to the defendant's background, such as his educational history and family ties, or to other "facts" about his history.

Defendant Nikulin's exhibit and witness lists indicate that the only potential evidence he will seek to admit in this trial is expert testimony on digital forensics. Given that fact, there is no reason to expect any evidence to be admitted regarding defendant's personal history. If defense counsel are unsure by the time of opening statement whether they will introduce such evidence, then the Court should preclude them from describing the background and personal history of the defendant during opening statement.

## IV. CONCLUSION

For all of the reasons stated above, the United States respectfully requests that the Court preclude references in opening statement that defense counsel do not reasonably anticipate will be supported by evidence admitted at trial.

DATED: January 22, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


/s/
MICHELLE J. KANE
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys