DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   michelle.kane3@usdoj.gov
   katherine.wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 16-00440 WHA |
| Plaintiff, | ) |
| | ) **UNITED STATES' MOTION IN LIMINE NO.** |
| | ) **FOUR TO PRECLUDE REFERENCES TO** |
| v. | ) **EXTRADITION, CONFINEMENT, MENTAL** |
| | ) **COMPETENCY AND PUNISHMENT** |
| YEVGENIY ALEXANDROVICH NIKULIN, | ) |
| | ) Trial: March 9, 2020 |
| Defendant. | ) Pretrial Conference: February 19, 2020 |
| | ) Time: 1:30 p.m. |
| | ) Courtroom No. 12 |

## I. INTRODUCTION

The government moves to preclude, as irrelevant and prejudicial, any reference by the defense to the following topics: (1) defendant's arrest and extradition; (2) defendant's pretrial confinement; (3) the prior competency proceedings and defendant's mental condition; and (4) potential punishment. As further explained below, each of these topics is irrelevant under Fed. R. Evid. 401. Moreover, interjecting facts about any of these topics is likely to confuse the issues and mislead the jury. *Cf.* Fed. R. Evid. 403. Therefore, the government seeks a pretrial ruling that none of these topics may be mentioned at any phase of the trial, including jury selection, opening statements, examination of

U.S. MIL NO. 4 RE EXTRADITION, ETC. __
CR 16-00440 WHA

witnesses (including defendant's examination, if he elects to testify), and summation.

## II.  ARGUMENT

### A.  Evidence Relating to Extradition, Confinement, Competency Proceedings, and Punishment is Not Relevant Evidence.

Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Defendant is charged with nine federal offenses for conduct that occurred in 2012 and 2013.  The government's case will rely heavily on evidence gathered roughly contemporaneously with the charged hacks.  At a basic level, it is difficult to see how facts and evidence related to proceedings in 2018 and 2019—years after the charged conduct—can make the allegations in the Indictment more or less probable.

Additionally, the topics the government seeks to preclude relate to legal issues decided by the judge, as opposed to fact issues for the jury.  It is black-letter law that a finding of competency is not admissible.  18 U.S.C. § 4241(f) ("A finding by the court that the defendant is mentally competent to stand trial…shall not be admissible as evidence in a trial for the offense charged.")  Likewise, it is well-settled that jurors should decide guilt without reference to punishment.  *See Rogers v. United States*, 422 U.S. 35, 40 (1975) ("the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed").  As for extradition and pretrial detention, these are matters governed by different legal standards and committed to the sound discretion of the court.  *See* 18 U.S.C. § 3142; *Matter of Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986) (discovery in an international extradition hearing is limited and lies within the discretion of the magistrate).  In short, defendant should not be allowed to bring up topics that are far afield from the elements of the charged offenses.  To do so would waste time and distract from the issues at hand.

### B.  Admission of Evidence Relating to Extradition, Confinement, Competency Proceedings, and Punishment Is Likely to Cause Unfair Prejudice and Confuse and Mislead the Jury

Even if references to the foregoing topics were somehow relevant, they should be precluded under Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Courts strive to focus jurors on their chief role

as finders of fact; it is error to put before the jury "any considerations outside the evidence that may influence them, and lead to a verdict not otherwise possible of attainment." *See United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) *quoting Miller v. United States,* 37 App. D.C. 138, 143 (1911).

- **Arrest and Extradition**.  Defendant is a Russian national who was arrested in Prague in October 2016, held in Czech custody, and then extradited to the United States in March 2018.  There were a number of press articles about the arrest and extradition.  *E.g.*, Ivana Kottasova, *Suspected Russian hacker extradited to US, faces cyber criminal charges*, CNN, Mar. 30, 2018, https://www.cnn.com/2018/03/30/politics/yevgeniy-nikulin-linkedin-extradition/index.html. Some articles speculated that the timing of Nikulin's arrest had to do with his suspected involvement in Russia's hacking activities related to the 2016 U.S. presidential election.  *E.g.*, Robert Tait, *Alleged hacker held in Prague at center of 'intense' US-Russia tug of war*, THE GUARDIAN, Jan. 27, 2017, https://www.theguardian.com/technology/2017/jan/27/us-russia-hacking-yevgeniy-nikulin-linkedin-dropbox.  Nikulin is not charged with any such conduct and the government does not want to interject complex and politically charged issues into this trial.  The government does not plan to elicit any testimony about the arrest or extradition and asks that the Court require defense counsel to abide by the same restriction.

- **Pretrial Confinement**.  Defendant has been in pretrial custody awaiting trial in this matter.  It is possible that defense counsel might reference this fact directly or indirectly, in an attempt to elicit sympathy for defendant, or imply that he has already been punished. That would be improper, and the government respectfully requests that the Court make clear that custodial status is not to be mentioned.

- **Prior Competency Proceedings and Defendant's Mental Condition**.  Defense counsel first raised concerns about defendant's competency to stand trial at a status conference in June 2018.  Between August 2018 and May 2019, the parties litigated competency.  (*See* ECF 49, 50, 94.)  During the proceedings, defense counsel asserted that defendant suffers from Posttraumatic Chronic Stress Disorder; Psychotic Disorder, Not Otherwise Specified; and Dissociative and Conversion Disorder, Not Otherwise Specified.  The Court ultimately found that these diagnoses lacked credibility and held defendant competent to stand trial.  (ECF 94.)  Defendant has not

U.S. MIL NO. 4 RE EXTRADITION, ETC. __
CR 16-00440 WHA                      3

notified the government of an intent to introduce evidence of defendant's mental condition at trial, as is required under Fed. R. Crim. P. 12.2(b). No psychiatrist or other medical professional appears on defendant's witness list. (ECF 134.) Accordingly, there is no reason that any reference should be made to defendant's mental disorder. To allude to his condition in any way would likely mislead the jury.

- **Punishment**. Evidence about punishment opens the door to compromise verdicts and confuses the issues to be decided. *See Frank*, 956 F.2d at 879. That is why the Model Jury Instructions for the Ninth Circuit include an explicit instruction that jurors "may not consider punishment in deciding whether the government has proved its case." Instr. 7.4. Courts routinely grant motions *in limine* to preclude any references to punishment, recognizing that if a jury hears anything about the potential negative consequences of a guilty verdict, the "bell" cannot be unrung or the damage neutralized by a curative instruction. The government respectfully requests such a ruling here.

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court preclude any reference to (1) defendant's arrest and extradition; (2) defendant's pretrial confinement; (3) the prior competency proceedings and defendant's mental condition; and (4) potential punishment.

DATED: January 22, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys