ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: 415-782-6000
Facsimile: 415-241-7340
E-Mail: adam@gasnerlaw.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: 415-652-8569
E-Mail: valerynechaylaw@gmail.com

Attorneys for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>Defendant. | **No. CR-16-00440 WHA**<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE PRIOR BAD ACT EVIDENCE, BAD CHARACTER EVIDENCE, AND PRIOR CRIMINAL CONVICTIONS PURSUANT TO FED R. EVID. 404(b), 608 AND 609.** |

## **INTRODUCTION**

Defendant YEVGENIY ALEXANDROVICH NIKULIN ("Mr. Nikulin") is charged by indictment with three counts of computer intrusion (Counts One, Four, and Seven), in violation of

1

**GASNER CRIMINAL LAW**
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or command, causing damage to a protected computer (Counts Two and Eight), in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft (Counts Three and Nine), in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices (Count Six), in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy (Count Five), in violation of 18 U.S.C. § 371.

A pretrial conference is set in this case for February 26, 2020 with a jury trial set for March 9, 2020.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The defense moves *in limine* to preclude the government from introducing at trial any evidence of a prior bad act, bad character and/or criminal convictions pursuant to Federal Rules of Evidence 404(b), 608, and 609.

To date, the government has not noticed the defense of bad acts, bad character, or criminal convictions and were any of this evidence to arise, the defense seeks to exclude such evidence from trial.

"Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." *U.S. v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008) (internal quotation marks omitted). As the party seeking admission, the government bears the burden of showing that the other-act evidence meets the four criteria. *U.S. v. Ramirez-Robles*, 386 F.3d 1234 (9thCir. 2004). To do so, "the government 'must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence. *U.S. v. Mayans*, 17 F.3d 1174, 1181(9th Cir. 1994); *see also, Ramirez-Robles*, 386 F.3d at 1243 (holding

**GASNER CRIMINAL LAW**
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

2

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Motion in Limine No. 2**

that evidence of prior conviction should have been excluded and noting the district court did not make a "focused determination of relevance.")

The Ninth Circuit has repeatedly noted the limitations in Rule 404(b) are "designed to avoid the danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *U.S. v. Hill*, 953 F.2d 453,457 (9th Cir. 1991); *see also, U.S. v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (noting the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.")

Furthermore, "even if the proffered evidence satisfies these requirements [of Rule 404(b)], the district court should decline to admit it [under Rule 403] if its probative value is substantially outweighed by the danger of unfair prejudice." *Banks*, 514 F.3d at 976 (internal quotation marks omitted). Additionally, FRE 403 permits the Court to refuse the admission of relevant evidence if it will confuse the issues, mislead the jury, cause undue delay, or waste time.

## **CONCLUSION**

Based on the foregoing, Mr. Nikulin respectfully requests that this Court exclude any prior bad act evidence, bad character, and/or prior convictions at his jury trial.

DATED: January 29, 2020

/s/ *Adam Gasner* _____
Adam G. Gasner, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

DATED: January 29, 2020

/s/ *Valery Nechay* _____
Valery Nechay, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

**GASNER CRIMINAL LAW**
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102