ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:	415-782-6000
Facsimile:	415-241-7340
E-Mail:	adam@gasnerlaw.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:	415-652-8569
E-Mail:	valerynechaylaw@gmail.com

Attorneys for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>Defendant. | **No. CR-16-00440 WHA**<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 PURSUANT TO FED. R. 403 TO EXCLUDE THE GOVERNMENT FROM MAKING REFERENCE TO MR. NIKULIN'S FINANCES AND LIFESTYLE** |

## **INTRODUCTION**

Defendant YEVGENIY ALEXANDROVICH NIKULIN ("Mr. Nikulin") is charged by indictment with three counts of computer intrusion (Counts One, Four, and Seven), in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

command, causing damage to a protected computer (Counts Two and Eight), in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft (Counts Three and Nine), in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices (Count Six), in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy (Count Five), in violation of 18 U.S.C. § 371.

A pretrial conference is set in this case for February 26, 2020 with a jury trial set for March 9, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

In this case the evidence produced by the government includes information that Mr. Nikulin was arrested while traveling in the Czech Republic, there are photographs of him with exotic cars and eating in what appear to be high-end restaurants. In this case, the government is accusing Mr. Nikulin of computer related crimes for financial gain and evidence of his previous lifestyle prior to his arrest has a likelihood of prejudicing a trier of fact against Mr. Nikulin while offering no probative value.

Fed. R. Evid. 401 defines relevant evidence as evidence that has any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Here evidence of his interest in travel or the cars Mr. Nikulin may have driven or the restaurants he frequented are not probative of any elements of the crimes for which he is charged and are irrelevant. Rule 402 provides that irrelevant evidence is not admissible. Rule 403 provides that the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." District courts have wide discretion in determining the admissibility of evidence under the Federal Rules, particularly with respect to Rule

2

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Motion in Limine No. 3**

403, since it requires an "on-the-spot balancing of probative value and prejudice." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

The only way this evidence could have any probative value would be if the government first proves that: (1) Mr. Nikulin personally purchased the items that allegedly reflect Mr. Nikulin's "lavish lifestyle"; and (2) the funds used to purchase those items in fact came from the alleged cybercrime conspiracy, rather than from some other source of income. Even if these necessary predicates could be established, evidence about Mr. Nikulin's alleged purchases would create such a high risk of unfair prejudice, jury confusion, tangential detours, and mini trials, that it should still be precluded under Rule 403.

Therefore, any evidence suggesting Mr. Nikulin had an opulent lifestyle is highly inflammatory; this evidence would cause jurors to speculate about issues unrelated to the charges in the indictment. But particularly in a case where the Government alleges financial wrongdoing, the jury could quickly be swayed by images of exotic cars, fancy looking vacations and high-end restaurants. In short, Mr. Nikulin runs a risk of being convicted for his lifestyle rather than the conduct charged in the Indictment.

Courts routinely hold that evidence and argument concerning a party's resources, wealth, and related matters are wholly irrelevant, highly prejudicial, and thus a proper subject for a motion *in limine. See Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("[T]he ability of defendant to pay the necessary damages may inject into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result."); *In re Homestore, Inc., C.D. California,* 2011 WL 291176, at *1("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case.").

3

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Motion in Limine No. 3**

*See, e.g.*, *Papadopoulos v. Fred Meyer Stores, Inc.*, 2006 WL 3249195, at *2 (W.D. Wash. Nov. 8, 2006) (granting motion *in limine* to exclude "evidence or argument regarding defendant's financial condition.")

## **CONCLUSION**

Accordingly, pursuant to Fed. R. Evid. 401- 403, Mr. Nikulin respectfully requests that the Court exclude evidence of his personal finances or lifestyle as irrelevant and prejudicial.

DATED: January 29, 2020

/s/ *Adam Gasner* _____
Adam G. Gasner, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

DATED: January 29, 2020

/s/ *Valery Nechay* _____
Valery Nechay, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

**GASNER CRIMINAL LAW**
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102