ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone:    415-782-6000
Facsimile:    415-241-7340
E-Mail:       adam@gasnerlaw.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone:    415-652-8569
E-Mail:       valerynechaylaw@gmail.com

Attorneys for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>          Defendant. | No. CR-16-00440 WHA<br><br>DEFENDANT'S RESPONSE TO UNITED STATES' MOTION IN LIMINE NO. THREE RE OPENING STATEMENTS<br><br>Pretrial Conference: February 19, 2020<br>Trial Date: March 9, 2020 |

The defense objects to the government purporting to dictate the scope of the defense opening statement. In the *United States' Motion In Limine Number Three*, the government posits that "…defense counsel often include a recitation of the defendant's personal history during opening statements that is never supported by factual evidence introduced at trial. Counsel's statements may include references to defendant's background, such as educational history and

1

family ties, or to other "facts" about his history." A criminal defendant has a constitutional right to testify on his or her own behalf at trial. A right that, although nowhere found in the Constitution, emanates from various provisions of the Bill of Rights. *Rock v. Arkansas*, 483 U.S. 44 (1987). The right to testify is a "personal" right that cannot be waived by defense counsel without defendant's consent. *Ward v. Sternes*, 334 F.3d 696, 705 (7th Cir. 2003).

Here, the defense agrees that an opening statement is a road map to what the evidence at trial will show. If statements are made during opening statement that do not ultimately comport with the evidence at trial, either side may freely comment on that fact in closing argument. Indeed, the court will likely instruct the jury that the comments of the lawyers in opening statement are not evidence. Beyond that, the defense objects to any further ruling on the parameters of opening statement.

DATED: February 11, 2020

/s/ *Adam Gasner* _____
Adam G. Gasner, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

DATED: February 11, 2020

/s/ *Valery Nechay* _____
Valery Nechay, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Response to United States' Limine No. 3**