DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    Katherine.Wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2. TO EXCLUDE PRIOR BAD ACT EVIDENCE, ETC. [DKT. NO. 143]** |
| v. | |
| YEVGENIY ALEXANDROVICH NIKULIN, | Trial: March 9, 2020 |
| Defendant. | Pretrial Conference: February 19, 2020 |
| | Time: 1:30 p.m. |
| | Courtroom No. 12 |

**INTRODUCTION**

Defendant has filed a Motion in Limine to Exclude Prior Bad Act Evidence, Bad Character Evidence, and Prior Criminal Convictions. ECF No. 143. The United States does not intend to introduce bad character evidence or prior criminal convictions pursuant to Federal Rules of Evidence 608 and 609. With regard to evidence of prior bad acts, on December 11, 2019, the United States provided notice of its intent to introduce evidence of the defendant's uncharged computer intrusion at a company called Automattic.[1] The United States requests that the Court deny defendant's motion in limine and find the

---

[1] Counsel for the United States has conferred with counsel for defendant, and understands that

evidence admissible as inextricably intertwined with the charged conduct, and as permissible prior bad act evidence under Fed. R. Evid. 404(b).

## ARGUMENT

As detailed in that notice, attached hereto as Exhibit A, the evidence of defendant's activities with regard to Automattic is inextricably intertwined with the charged conduct. *See United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("[t]he policies underlying Rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions.") (quotations omitted). His intrusions at LinkedIn, Dropbox, Formspring, and Automattic were part of a continuous, sustained, campaign in which he researched possible avenues for intrusion into a particular company's systems, compromised an employee's corporate account, and used that unauthorized access to steal user account credentials. Defendant used much of the same infrastructure to accomplish the various intrusions and thefts of data. For example, he used his chinabig01@gmail.com account to search for Automattic employees' names, email addresses, and social media accounts, and then to visit sites associated with those employees as part of his reconnaissance. Defendant also used the chinabig01@gmail.com account in connection with his intrusions at LinkedIn, Dropbox, and Formspring. In addition, the IP address 109.188.127.54 was used in connection with access to the chinabig01@gmail.com email account on July 13, 2013. The Automattic web logs also captured that IP address approximately 659 times on July 13, 2013. Similarly, the IP address 109.188.125.156 was used to access an Automattic employee's account without authorization. The same day, July 18, 2013, that IP address was used to log in to the email account chinabig01@gmail.com. It was also used approximately 32 times on July 18, 2013 to view Vimeo videos with the Vimeo account associated with the email address chinabig01@gmail.com. Moreover, defendant used information stolen from an Automattic employee's Dropbox account to compromise her Automattic corporate account. Dropbox is one of the victims named in the indictment from whom defendant stolen customer login credentials. Without the proffered Automattic evidence, the jury would be left with an incomplete picture of defendant's ongoing intrusion efforts.

---

there is no dispute that the notice was sent and received on December 11, 2019. Counsel for defendant stated that he plans to supplement his motion in limine filing on the issue.

U.S. OPPO. TO DEF.'S MOT. IN LIMINE NO. 2
CR 16-00440 WHA                                                  2

In the alternative, the similarities between defendant's conduct at the four victim companies makes the Automattic intrusion admissible pursuant to Fed. R. Evid. 404(b), which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Automattic evidence in particular has permissible uses to show defendant's intent, preparation, plan, identity, and method of operating.

It is well-established that Rule 404(b) "is a rule of inclusion under which evidence is inadmissible only where it proves nothing but the defendant's criminal propensities." *United States v. Ayers*, 924 F.2d 1468, 1472 (9th Cir. 1991). Other act evidence is, as a general rule, to be admitted. *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987). "Evidence of collateral facts, circumstances and other acts of a defendant of a character kindred to that for which he is on trial, whether occurring prior or subsequent to the alleged offense," are admissible to ascertain defendant's intent. *Ayers*, 924 F.2d at 1473 (in tax evasion and conspiracy case court held that acts both prior and subsequent to the indictment period may be probative of defendant's state of mind).

Extrinsic act evidence is especially relevant when the United States has the burden of proving the defendant's intent to commit the charged offense. *United States v. Hooshmand*, 931 F.2d 725, 736 (11th Cir. 1991) (Medicare fraud case in which court held that extrinsic act evidence is especially relevant where the government has the burden to prove defendant's intent to commit the charged offense); *United States v. Serian*, 895 F.2d 432, 434–35 (8th Cir. 1990) (evidence properly admitted to aid the jury in considering whether the defendant had a motive, plan, or intent to defraud).

The Ninth Circuit uses a four-part test to determine whether evidence is admissible under Rule 404(b). "Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010); *see also, e.g., United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000). When these elements are satisfied, the court then balances the probative value of the evidence against any prejudicial effect, to

determine whether it is admissible under Fed. R. Evid. 403. *United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007) (en banc).

The Automattic evidence meets all four parts of the test. First, the intrusion shows the defendant's consistent method of operating. This proof makes it more likely that the same person, who controlled the chinabig01@gmail.com account, intentionally conducted all four intrusions, a fact of undeniable consequence in the case. Second, the Automattic activity followed less than a year after the Formspring computer intrusion alleged in the Indictment. Third, the Automattic evidence will be introduced through authenticated Automattic computer logs, business records of defendant's own accounts with other providers such as his chinabig01@gmail.com account, and the testimony of Automattic employee Barry Abrahamson. Fourth, the activity is nearly identical to the charged offenses in the steps that defendant took to research his target, compromise an employee, and attack the company network.

## CONCLUSION

For all the reasons stated above, the United States respectfully requests that the Court deny defendant's Motion in Limine No. 2 and find the proffered evidence admissible.

DATED: February 12, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys