DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    katherine.wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>    Defendant. | No. CR 16-00440 WHA<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 RE EXCLUSION OF EVIDENCE OF NIKULIN'S FINANCES AND LIFESTYLE (ECF 144).**<br><br>Trial: March 9, 2020<br>Pretrial Conference: February 19, 2020<br>Time: 1:30 p.m.<br>Courtroom No. 12 |

### I. INTRODUCTION

Defendant has filed a Motion in Limine to exclude any evidence suggesting he had an opulent lifestyle, on the basis that it is not relevant and is prejudicial. ECF No. 144. Defendant's motion specifically references "photographs of him with exotic cars and eating in what appear to be high-end restaurants." As a practical matter, the United States does not intend to introduce such photographs in its case-in-chief. The government may seek to introduce the photos for the purpose of impeachment, if defendant testifies, or rebuttal, if the defense team presents a defense of penury or that undermines Nikulin's financial motive to commit the crimes. Accordingly, the United States requests that the Court

U.S. OPP. TO MTN. TO EXCLUDE EVID. OF WEALTH
CR 16-00440 WHA

hold Defendant's Motion in Limine No. 3 in abeyance, and wait to see if the issue presents itself at trial.

## II.  ARGUMENT

### A. The Limited Evidence of Wealth the Government Intends to Use in Its Case-in-Chief.

The United States' Exhibit List (ECF No. 123) does not include any photographs of defendant flaunting his lavish lifestyle.  There is one cell phone video on the list, which briefly shows the back end of a dark-colored Bentley.  (Exhibit 72, YN14096.)  The person making the video is the passenger in a different sedan and is describing how there will be a summit of hackers at the Vega Izmailovo Hotel in Moscow.  As the sedan in which the narrator rides pulls up to the hotel, the narrator says, in Russian, "Look, what an angry person.  Angry hacker," seemingly in reference to whomever is in the Bentley.  This video provides context for a second cell phone video shot the same day by the same person— Exhibit 74, YN14097—which shows participants in the "summit," including defendant.

The government will lay a proper foundation for the videos.  The presence of the Bentley in the first video is incidental, and the government will not dwell on it.  Nor will the government argue that the vehicle is somehow proof that the hackers at the summit were profiting handsomely from their illegal activities.  The government's use of the videos is in line with Ninth Circuit case law, which recognizes that isolated references to wealth are not prejudicial.  *See United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984).

### B. Other Evidence of Wealth that May Be Used in Rebuttal or Cross-Examination.

The government is in possession of more direct evidence of defendant's wealth and spending. Most of that evidence is photographs posted to defendant's public Instagram account.  There is also a video of defendant available on YouTube which features him discussing his high-end automobile collection.

While the government does not intend to offer this evidence in its case-in-chief, it is worth noting that the Ninth Circuit has long held that "evidence that tends to show that a defendant is living beyond his means is of probative value in a case involving a crime resulting in financial gain." *United States v. Feldman*, 788 F.2d 544, 557 (9th Cir. 1986) *quoting United States v. Saniti*, 604 F.2d 603, 604 (9th Cir. 1979) (per curiam).  *See also United States v. Bailie*, 99 F.3d 1147, *7 (9th Cir. 1996)

(unpublished) (in embezzlement case, trial court did not err in admitting evidence of defendants' opulent lifestyle, including homes, condos, expensive cars, and chauffeured limousine). Financial gain is an element of the offenses charged in Counts One, Three, Four, Five, Six, Seven, and Nine. Thus, it is the *Saniti/Feldman* line of authority in criminal cases that should control any Rule 401, 403 analysis in this case, rather than the three civil cases cited in defendant's motion.

For present purposes, however, the authority most on point is *United States v. Kessi*, 868 F.2d 1097 (9th Cir. 1989), a securities fraud case which holds that evidence of wealth is permissible to rebut a defense presented at trial. Kessi's defense was that he suffered from post-traumatic stress disorder that prevented him from forming the requisite criminal intent. To rebut this defense, the prosecution introduced evidence of the value of Kessi's home and yacht and of his financial success. The *Kessi* court reasoned that such evidence showed that Kessi rationally joined the scheme out of financial motivation and that he willingly participated in social and leisure activities.

Given the mental health issues that have already been litigated in this case, it is conceivable that defendant might try a similar defense. Alternately, defendant might testify and claim he was a simple auto-mechanic who lacked the sophistication or resources to commit the alleged crimes. Were defendant to mount such a defense, evidence of his lifestyle would indeed become relevant, just as it did in *Kessi*.

### III. CONCLUSION

Given the uncertainty as to what evidence defendant will present at trial, if any, the United States requests that the Court hold Defendant's Motion in Limine No. 3 in abeyance.

DATED: February 12, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
KATHERINE WAWRZYNIAK
Assistant United States Attorney