1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   MICHELLE J. KANE (CABN 210597)
    KATHERINE L. WAWRZYNIAK (CABN 252751)
5   Assistant United States Attorneys
            1301 Clay Street, Suite 340S
6           Oakland, California 94612
            Telephone: (510) 637-3680
7           FAX: (510) 637-3724
            Michelle.Kane3@usdoj.gov
8           Katherine.Wawrzyniak@usdoj.gov

9   Attorneys for United States of America

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13
    UNITED STATES OF AMERICA,           )   Case No. CR 16-00440 WHA
14                                       )
            Plaintiff,                   )
15                                       )
        v.                               )   JOINT PROPOSED JURY INSTRUCTIONS
16                                       )
    YEVGENIY ALEXANDROVICH NIKULIN,     )
17                                       )   Trial:  March 9, 2020
            Defendant.                   )   Pretrial Conference:  February 19, 2020
18                                       )   Time:  1:30 p.m.
                                         )   Courtroom No. 12
19   _____)

20

21          The parties have met and conferred regarding proposed jury instructions and reached agreement

22   as to a number of applicable Ninth Circuit Model jury instructions. Any edits to the model instructions

23   are reflected with underlines for additions and ~~strikethrough~~ for deletions.

24   //

25

26

27

28

1    The parties respectfully reserve their respective rights to modify these proposed instructions and

2  to include such other and additional instructions as may become appropriate during the course of trial.

3  DATED: February 12, 2020                         Respectfully submitted,

4                                                   DAVID L. ANDERSON
                                                    United States Attorney
5
                                                           /s/
6                                                   MICHELLE J. KANE
                                                    KATHERINE L. WAWRZYNIAK
7                                                   Assistant United States Attorneys

8

9                                                          /s/
                                                    ADAM G. GASNER
10                                                  VALERY NECHAY
                                                    Attorneys for Nikulin
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Preliminary Instructions**

| 9th Cir. Model No. | Description |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge—Presumption of Innocence |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Direct and Circumstantial Evidence |
| 1.6 | Ruling on Objections |
| 1.7 | Credibility of Witnesses |
| 1.8 | Conduct of the Jury |
| 1.9 | No Transcript Available to Jury |
| 1.10 | Taking Notes |
| 1.11 | Outline of Trial |
| 1.12 | Jury to Be Guided by Official English Translation/Interpretation |
| 1.16 | Bench Conferences and Recesses |

**Stipulated Instructions in the Course of Trial**

| 9th Cir. Model No. | Description |
|---|---|
| 2.1 | Cautionary Instruction—First Recess |
| 2.3 | Stipulations of Fact *[as needed]* |
| 2.4 | Judicial Notice *[as needed]* |
| 2.7 | Transcript of Recording in Foreign Language |
| 2.9 | Foreign Language Testimony *[as needed]* |
| 2.10 | Other Crimes, Wrongs or Acts of Defendant *[as needed]* |
| 2.12 | Evidence for Limited Purpose *[as needed]* |

**Stipulated Instructions at End of Case**

| 9th Cir. Model No. | Description |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof |
| 3.3 | Defendant's Decision Not to Testify *[or 3.4, depending on trial testimony]* |
| 3.4 | Defendant's Decision to Testify *[or 3.3, depending on trial testimony]* |

| 9th Cir. Model No. | Description |
|---|---|
| 3.5 | Reasonable Doubt—Defined |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Activities Not Charged |
| 3.11 | Separate Consideration of Multiple Counts – Single Defendant |
| 3.17 | Foreign Language Testimony *[as needed]* |
| 3.18 | On or About – Defined |

**Stipulated Instructions re Consideration of Particular Evidence**

| 9th Cir. Model No. | Description |
|---|---|
| 4.1 | Statements by Defendant |
| 4.3 | Other Crimes, Wrongs or Acts of Defendant *[as needed]* |
| 4.14 | Opinion Evidence, Expert Witness |
| 4.15 | Dual Role Testimony *[as needed]* |
| 4.16 | Charts and Summaries Not Admitted Into Evidence *[as needed]* |
| 4.17 | Charts and Summaries in Evidence *[as needed]* |

**Stipulated Instructions re Jury Deliberations**

| | |
|---|---|
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence—Conduct of the Jury |
| 7.3 | Use of Notes |
| 7.4 | Jury Consideration of Punishment |
| 7.5 | Verdict Form |
| 7.6 | Communication with Court |
| 7.13 | Post-Discharge Instruction |

**Stipulated Substantive Instructions**

| 8.97 | Obtaining Information by Computer – "Protected" Computer (18 U.S.C. § 1030(a)(2)(C))  [Counts One, Four, Seven] |
|---|---|
| 8.100 | Intentional Damage to Protected Computer (18 U.S.C. § 1030(a)(5)(A)) [Counts Two and Eight] |
| N/A | Computer – Defined |
| 5.7 | Knowingly – Defined |
| 8.83 | Aggravated Identity Theft (18 U.S.C. § 1028A) [Count Three and Nine] |
| 8.85, 8.90 | Unauthorized Access Devices – Using or Trafficking (18 U.S.C. § 1029(a)(2)) [Count Six], incorporating Access Device – Defined |
| 8.20 | Conspiracy (18 U.S.C. § 371) [Count Five] |
| 8.25 | Conspiracy—Liability for Substantive Offense Committed by a Co-Conspirator (Pinkerton Charge) |

1

## STIPULATED INSTRUCTION NO. 1

2

### DUTY OF JURY

3

4       Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something

5 about your duties as jurors and to give you some preliminary instructions. At   the end of the trial I will

6 give you more detailed [written] instructions that will control your deliberations.

7       When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in

8 the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as

9 I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence

10 and the law before you.

11       Perform these duties fairly and impartially. You should not be influenced by any person's race,

12 color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

13 circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

14 prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are

15 stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

16 conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we

17 evaluate information and make decisions.

18

19                             **Authority**

20 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.1 (approved Dec. 2019).

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 2

THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges defendant Yevgeniy Nikulin with nine counts:

- Three counts of Obtaining Information from a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C);

- Two counts of Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A);

- Two counts of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A;

- One count of Conspiracy to Traffic in Unauthorized Access Devices, in violation of Title 18, United States Code, Section 371; and

- One count of Trafficking in Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(2).

The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

~~[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must provide to make its case: ]~~

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.2 (app. Sept. 2019), modified to conform to this case.

1

<u>STIPULATED INSTRUCTION NO. 3</u>

2

WHAT IS EVIDENCE

3

4

The evidence you are to consider in deciding what the facts are consists of:

5

(1)     the sworn testimony of any witness;

6

(2)     the exhibits that are received in evidence; and

7

(3)     any facts to which the parties agree.

8

9

**Authority**

10

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.3 (app. Sept. 2019).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED INSTRUCTION NO. 4

2

### WHAT IS NOT EVIDENCE

3

4      The following things are *not* evidence, and you must not consider them as evidence in deciding

5  the facts of this case:

6      (1)      statements and arguments of the attorneys;

7      (2)      questions and objections of the attorneys;

8      (3)      testimony that I instruct you to disregard; and

9      (4)      anything you may see or hear when the court is not in session even if what you see or

10                hear is done or said by one of the parties or by one of the witnesses.

11

12                                        **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.4 (app. Sept. 2019).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 5</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.5 (app. Sept. 2019).

## STIPULATED INSTRUCTION NO. 6

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.6.

STIPULATED INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.7 (app. Sept. 2019).

STIPULATED INSTRUCTION NO. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research

1   about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—

2   until you have been excused as jurors. If you happen to read or hear anything touching on this case in

3   the media, turn away and report it to me as soon as possible.

4       These rules protect each party's right to have this case decided only on evidence that has been

5   presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

6   testimony is tested through the trial process. If you do any research or investigation outside the

7   courtroom, or gain any information through improper communications, then your verdict may be

8   influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

9   process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based

10  on information not presented in court, you will have denied the parties a fair trial. Remember, you have

11  taken an oath to follow the rules, and it is very important that you follow these rules.

12      A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a

13  mistrial could result that would require the entire trial process to start over]. If any juror is exposed to

14  any outside information, please notify the court immediately.

15

16  **Authority**

17  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.8 (app. Sept. 2019).

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 9</u>

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.9 (app. Sept. 2019).

STIPULATED INSTRUCTION NO. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.10.

STIPULATED INSTRUCTION NO. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine.  Then, if either or both defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] OR [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.11, to be modified according to the Court's preference.

1

<u>STIPULATED INSTRUCTION NO. 12</u>

2

JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

3

4       A language other than English will be used for some evidence during this trial.  [When a witness

5   testifies in another language, the witness will do so through an official court interpreter.] [When

6   recorded evidence is presented in another language, there will be an official court translation of the

7   recording.]

8       The evidence you are to consider and on which you must base your decision is only the English

9   language translations provided ~~through the official court translators~~.  Although some of you may know

10  the non-English language used, you must disregard any meaning of the non-English words that differs

11  from the official translation.

12      [You must not make any assumptions about a witness or a party based solely upon the use of an

13  interpreter to assist that witness or party.]

14

15

16                                        **Authority**

17  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.12 (app. March 2018), as modified for this
    case.

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 13

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 1.16.

<u>STIPULATED INSTRUCTION NO. 14</u>

CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the ~~[marshal] [bailiff]~~ clerk to give to me.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.1 (app. Sept. 2017), to be modified according to the Court's preference.

1       <u>STIPULATED INSTRUCTION NO. 15</u>

2       STIPULATIONS OF FACT

3

4   The parties have agreed to certain facts that have been stated to you.  Those facts are now

5 conclusively established.

6

7         **Authority**

8 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.4 (app. Dec. 2017).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED INSTRUCTION NO.16

### JUDICIAL NOTICE

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point[,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.4 (app. Dec. 2017).

STIPULATED INSTRUCTION NO. 17

EVIDENCE IN FOREIGN LANGUAGE

You are about to hear a recording in the <u>Russian</u> language. Each of you will be able to see a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording <u>and will be available to you in the jury room</u>.

Although some of you may know the Russian language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.7 (app. Dec. 2017) (as modified to fit this case).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 18

FOREIGN LANGUAGE TESTIMONY


You [are about to hear][have heard] testimony of a witness who [will be testifying][testified] in the Russian language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Russian language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.9 (app. Mar. 2018).

STIPULATED INSTRUCTION NO. 19

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that the defendant <u>intentionally accessed Automattic computers without authorization</u>. This evidence of other acts [was] [will be] admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant:

- had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment;

- had a motive or the opportunity to commit the acts charged in the indictment;

- was preparing or planning to commit the acts charged in the indictment;

- acted with a method of operation as evidenced by a unique pattern; namely that defendant used stolen credentials to access employee accounts and then used compromised employee accounts to conduct cyber attacks on other employee accounts;

- did not commit the acts for which the defendant is on trial by accident or mistake; or

- is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide if defendant was the user behind <u>chinabig101@gmail.com</u>.

   Do not consider this evidence for any other purpose.

   Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

   The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

1    Remember that the defendant is on trial here only for the nine counts charged in the Indictment,

2    not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged

3    in the indictment beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.10 (app. Mar. 2018).

STIPULATED INSTRUCTION NO. 20

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 2.12 (app. Mar. 2018), to be modified to conform to this case.

STIPULATED INSTRUCTION NO. 21

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.1 (app. Sept. 2017.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 22</u>

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF

INNOCENCE—BURDEN OF PROOF

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.2 (modification approved Dec. 2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 23</u>

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.3 (app. Dec. 2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 24

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 25

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.5 (app. Jan. 2019).

JOINT PROPOSED JURY INSTRUCTIONS
CR 16-00440 WHA                    32

STIPULATED INSTRUCTION NO. 26

WHAT IS EVIDENCE?

The evidence from which you are to decide what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.6 (modification approved Dec. 2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 27

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.7 (app. Mar. 2018).

STIPULATED INSTRUCTION NO. 28

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.8 (app. Dec. 2017).

1

2

STIPULATED INSTRUCTION NO. 29

CREDIBILITY OF WITNESSES

3

4      In deciding the facts in this case, you may have to decide which testimony to believe and which

5 testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

6      In considering the testimony of any witness, you may take into account:

7      (1)     the opportunity and ability of the witness to see or hear or know the things testified to;

8      (2)     the witness's memory;

9      (3)     the witness's manner while testifying;

10     (4)     the witness's interest in the outcome of the case, if any;

11     (5)     the witness's bias or prejudice, if any;

12     (6)     whether other evidence contradicted the witness's testimony;

13     (7)     the reasonableness of the witness's testimony in light of all the evidence; and

14     (8)     any other factors that bear on believability.

15     Sometimes a witness may say something that is not consistent with something else he or she

16 said.  Sometimes different witnesses will give different versions of what happened.  People often forget

17 things or make mistakes in what they remember.  Also, two people may see the same event but

18 remember it differently.  You may consider these differences, but do not decide that testimony is untrue

19 just because it differs from other testimony.

20     However, if you decide that a witness has deliberately testified untruthfully about something

21 important, you may choose not to believe anything that witness said.  On the other hand, if you think the

22 witness testified untruthfully about some things but told the truth about others, you may accept the part

23 you think is true and ignore the rest.

24     The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

25 who testify.  What is important is how believable the witnesses were, and how much weight you think

26 their testimony deserves.

27                                         **Authority**

28 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.9 (app. Dec. 2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 30</u>

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.10 (app. Dec. 2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 31</u>

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.11 (app. Dec. 2017).

1

2

3

<u>STIPULATED INSTRUCTION NO. 32</u>

FOREIGN LANGUAGE TESTIMONY

4

5

6

7

8

You have heard testimony of a witness who testified in the <u>Russian</u> language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the <u>Russian</u> language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

9

10

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

11

12

**Authority**

13

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.17 (app. Jun. 2018).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED INSTRUCTION NO. 33

## ON OR ABOUT—DEFINED

The Indictment charges that certain offenses were committed "on or about" or "approximately" on a certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the respective date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 3.18 (app. Jun 2018) (as modified); *See United States v. Loya*, 807 F.2d 1483, 1493-94 (9th Cir. 1987).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 34</u>

STATEMENTS BY DEFENDANT


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.1.

STIPULATED INSTRUCTION NO. 35

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.3 (app. Mar. 2018), as modified to conform to this case.

STIPULATED INSTRUCTION NO. 36

OPINION EVIDENCE, EXPERT WITNESS

You [have heard] [are about to hear] testimony from [Special Agent Bryant Ling] who [testified] [will testify] to opinions and the reasons for those opinions.  This opinion testimony is allowed because of the education or experience of the witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.14 (app. Jun. 2019), as modified to conform to this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 37</u>

DUAL ROLE TESTIMONY

You [have heard] [are about to hear] testimony from [<u>Special Agent Jeffrey Miller; Barry Abrahamson; Ade Olonoh</u>] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.15 (app. Mar. 2018), as modified to conform to this case.

JOINT PROPOSED JURY INSTRUCTIONS
CR 16-00440 WHA                    44

STIPULATED INSTRUCTION NO. 38

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.16 (app. Mar. 2018).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 39</u>

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 4.17 (app. Mar. 2018).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 40

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influences by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.1 (app. Sept. 2019).

<u>STIPULATED INSTRUCTION NO. 41</u>

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.   .

**Authority**

Ninth Circuit Model Jury Instruction (2010) No. 7.2 (app. Sept. 2019).

1

2

3

<u>STIPULATED INSTRUCTION NO. 42</u>

USE OF NOTES

4   Some of you have taken notes during the trial.  Whether or not you took notes, you should rely

5   on your own memory of what was said.  Notes are only to assist your memory.  You should not be

6   overly influenced by your notes or those of your fellow jurors.

7

8   **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.3.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 43</u>

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.4 (app. Sept. 2019).

STIPULATED INSTRUCTION NO. 44

VERDICT FORM


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.5.

1          <u>STIPULATED INSTRUCTION NO. 45</u>

2          COMMUNICATION WITH COURT

3

4         If it becomes necessary during your deliberations to communicate with me, you may send a note

5  through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to

6  communicate with me except by a signed writing, and I will respond to the jury concerning the case only

7  in writing or here in open court.  If you send out a question, I will consult with the lawyers before

8  answering it, which may take some time.  You may continue your deliberations while waiting for the

9  answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands,

10  numerically or otherwise, on any question submitted to you, including the question of the guilt of the

11  defendant, until after you have reached a unanimous verdict or have been discharged.

12

13          **Authority**

14  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.6.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 16-00440 WHA            52

STIPULATED INSTRUCTION NO. 46

POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 7.13.

STIPULATED INSTRUCTION NO. 47

OBTAINING INFORMATION BY COMPUTER—"PROTECTED" COMPUTER

The defendant is charged in Counts One, Four, and Seven of the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030(a)(2)(C) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed without authorization or exceeded authorized access to a computer; and

Second, by accessing without authorization or exceeding authorized access to a computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication or located outside the United States but that computer was used in a manner that affected interstate or foreign commerce or communication of the United States.

If you find that the government has proved these two elements beyond a reasonable doubt, then you must also determine whether the government has proved either of the following beyond a reasonable doubt:

(a) that the offense was committed for purposes of commercial advantage or private financial gain; or

(b) that the value of the information obtained exceeded $5,000.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 8.97 (app. Jun. 2019).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 48</u>

INTENTIONAL DAMAGE TO A PROTECTED COMPUTER


The defendant is charged in Counts Two and Eight of the indictment with transmitting a program, information, a code, or a command to a computer, intending to cause damage, in violation of Section 1030(a)(5) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of a program, information, a code, or a command to a computer;

Second, as a result of the transmission, the defendant intentionally impaired without authorization the integrity, availability of data, a program, a system, or information; and

Third, the computer was used in or affected interstate or foreign commerce or communication or was located outside the United States but was used in a manner that affects interstate or foreign commerce or communication of the United States.

If you find that the government has proved these three elements beyond a reasonable doubt, then you must also determine whether the government has proved beyond a reasonable doubt that the offense caused loss to one or more persons during any one-year period aggregating at least $5,000 in value. A corporation is considered a person for these purposes.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 8.100 (app. Jun. 2019).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 49</u>

DEFINITION OF COMPUTER

As used in Section 1030 of Title 18 of the United States Code, the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

**Authority**

18 U.S.C. § 1030(e)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 50</u>

KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.7 (app. Mar. 2018).

STIPULATED INSTRUCTION NO. 51

AGGRAVATED IDENTITY THEFT

The defendant is charged in Counts Three and Nine of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed or used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to violations of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i) and (iii).

[The government need not establish that the means of identification of another person was stolen.]

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual including any—

- name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
- unique electronic identification number, address, or routing code; or
- access device.

The term "access device" as used here means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 8.83 (app. Dec. 2019) (as modified to fit this case); 18 U.S.C. § 1028(d)(7) (definition of "means of identification").

1

2

3

<u>STIPULATED INSTRUCTION NO. 52</u>

UNAUTHORIZED ACCESS DEVICES—USING OR TRAFFICKING

4       The defendant is charged in Count Six of the indictment with trafficking in unauthorized access

5   devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of the United States

6   Code. In order for the defendant to be found guilty of that charge, the government must prove each of

7   the following elements beyond a reasonable doubt:

8       First, the defendant knowingly trafficked in the unauthorized access devices at any time during a

9   one-year period beginning on or about June 1, 2012, and ending on or about May 31, 2013;

10      Second, by trafficking in the unauthorized access devices during that period, the defendant

11  obtained anything of value worth $1,000 or more during that period;

12      Third, the defendant acted with the intent to defraud; and

13      Fourth, the defendant's conduct in some way affected commerce between one state and another

14  state, or between a state of the United States and a foreign country.

15      An "access device" means any card, plate, code, account number, electronic serial number,

16  mobile identification number, personal identification number, or other means of account access that can

17  be used, alone or in conjunction with another access device, to obtain money, goods, services, or any

18  other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated

19  solely by paper instrument).

20      An "unauthorized access device" is any access device that is lost, stolen, expired, revoked,

21  canceled, or obtained with intent to defraud.

22      To "traffic" in an access device means to transfer or otherwise dispose of it to another, or to

23  obtain control of it with intent to transfer or dispose of it.

24

25

**Authority**

26  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NOS. 8.85, 8.90 (app. Dec. 2019); 18 U.S.C. §

    1029(e)(1).

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CR 16-00440 WHA                         60

STIPULATED INSTRUCTION NO. 53

CONSPIRACY—ELEMENTS

The defendant is charged in Count Five of the Indictment with conspiring to traffic in unauthorized access devices, in violation of Section 1029(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and ending on or about May 31, 2013, there was an agreement between two or more persons to commit the crime of trafficking in unauthorized access devices.  I have just instructed you as to the elements of that offense;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act after on or about June 13, 2012 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does

JOINT PROPOSED JURY INSTRUCTIONS
CR 16-00440 WHA                61

not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

As long as jurors agree that the government has proven each element of a conspiracy, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 8.20 (app. Jan. 2019); *United States v. Gonzalez*, 786 F.3d 714, 718-19 (9th Cir. 2015) (rejecting defendant's argument that district court erred in failing to instruct jury that it must unanimously agree on which acts constituted conspiracy to murder underlying a VICAR charge) (cited in comments to Model Instruction 8.20).

1

<u>STIPULATED INSTRUCTION NO. 54</u>

2

CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE
COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)

3

4       Each member of the conspiracy is responsible for the actions of the other conspirators performed

5 during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime

6 in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

7       Therefore, you may find the defendant guilty of trafficking in unauthorized access devices during

8 a period of one year in violation of Section 1029(a)(2) of Title 18 of the United States Code as charged

9 in Count Six of the indictment if the government has proved each of the following elements beyond a

10 reasonable doubt:

11       First, a person named in Count Six of the indictment committed the crime of trafficking in

12 unauthorized access devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of

13 the United States Code as alleged in that count;

14       Second, the person was a member of the conspiracy charged in Count Six of the indictment;

15       Third, the person committed the crime of trafficking in unauthorized access devices during a

16 period of one year in violation of Section 1029(a)(2) of Title 18 of the United States Code in furtherance

17 of the conspiracy;

18       Fourth, the defendant was a member of the same conspiracy at the time the offense charged in

19 Count Six was committed; and

20       Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

21 been foreseen to be a necessary or natural consequence of the unlawful agreement.

22

23                                    **Authority**

24 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) NO. 8.25 (app. April 2019).

25

26

27

28