DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    katherine.wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | **JOINT PRETRIAL CONFERENCE STATEMENT** |
| v. | Trial: March 9, 2020 |
| YEVGENIY ALEXANDROVICH NIKULIN, | Pretrial Conference: February 19, 2020 |
| Defendant. | Time: 1:30 p.m. |
| | Courtroom No. 12 |

## I. INTRODUCTION

Defendant Yevgeniy Nikulin is charged in an Indictment with three counts of computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or command causing damage to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy, in violation of 18 U.S.C. § 371. Trial is set to begin on March 9, 2020.

In accordance with Criminal Local Rule 17.1-1(b), the parties hereby submit the following Pretrial Conference Statement.

**(1)    Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

The government has produced reports of law enforcement agents' interviews with fact witnesses. For each proposed expert witness, the government has provided disclosures regarding their anticipated testimony. During trial preparation, it is possible that witnesses will disclose additional information. If any such information is disclosed, the government will promptly provide it to the defense.

The government is in the process of reviewing agent notes. These are notes the agents took during witness interviews. The government has made such notes available for inspection by defense counsel.

The government does not anticipate using the foregoing materials, except possibly to refresh a testifying agent's recollection. Defense counsel anticipates using the materials for impeachment.

**(2)    Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

After obtaining a court order permitting disclosure (ECF 122), the government produced all grand jury transcripts. The government does not anticipate using the transcripts, except possibly to refresh a testifying agent's recollection. Defense counsel anticipates using the materials for impeachment.

**(3)    Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

The government has complied with its obligations under *Brady* and *Giglio*. In preparing for trial, the government is continuing the interview witnesses and obtain additional evidence. The government will continue to comply with its ongoing obligation to provide defense counsel with any exculpatory or impeachment information.

**(4)    Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses.**

The government will seek stipulations regarding the authentication and admissibility of certain

exhibits, so as to eliminate the need for any custodian of record witnesses.

The government may also propose a limited number of factual stipulations as to factual issues that are anticipated to be uncontroversial.

### (5) Appointment by the Court of interpreters under Fed. R. Crim. P. 28.

The defendant will require a court-certified Russian interpreter for the entirety of trial.

In addition, one witness on the United States' Witness List, Alexander Kuznetsov, speaks limited English and will require a court-certified Russian interpreter, if he testifies. The government will arrange for such an interpreter, if needed.

### (6) Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.

As of the time of this filing, the government does not anticipate moving to dismiss any counts from the indictment. Regarding elimination of issues, the government has separately moved *in limine* to exclude certain affirmative defenses absent pretrial notice and an offer of proof.

### (7) Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.

Defendant Nikulin is the sole defendant charged in the indictment. Accordingly, joinder and severance are not applicable.

### (8) Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.

This case did not involve confidential informants or lineup evidence. The government does not intend to offer evidence of any prior convictions of defendant.

### (9) Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.

Each party has filed a witness list, in accordance with previously set deadlines (ECF 124, 134). The government has noticed five potential expert witnesses and provided its disclosures pursuant to Rule 16(a)(1)(G). Defendant has noticed one potential expert witness; however, defendant has not yet provided disclosures pursuant to Rule 16(b)(1)(C).

**(10)   Pretrial exchange of documents, exhibits, summaries, schedules, model or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

Each party has filed an exhibit list, in accordance with previously set deadlines (ECF 123, 135). The government's exhibits have all been provided or made available to the defense by the government in discovery. Both parties anticipate creating some summary charts as well as demonstratives, which will be exchanged in advance of trial.

**(11)   Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

The parties have filed motions *in limine* to address objections to expected evidence at trial. (*See* ECF 136-140; 142-144). The motions *in limine* will be addressed at the February 19, 2020, pretrial conference.

**(12)   Preparation of trial briefs on controverted points of law likely to arise at trial.**

Apart from the evidentiary issues raised by the parties in the motions *in limine*, the parties are currently unaware of any controverted points of law likely to arise at trial.

**(13)   Scheduling of the trial and of witnesses.**

The parties estimate that it will take 7-8 court day to try this case, including jury selection, opening statements, and closing statements, but excluding deliberations.

The majority of the government's witnesses are lay persons who were employed by one of the victim corporations at the time of the intrusions. These witnesses have been subpoenaed for trial beginning March 9, 2020, at 7:30 a.m. These witnesses have been informed that the Court will be dark March 12-18, 2020.

**(14)   Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

The parties are filing proposed *voir dire* questions and jury instructions contemporaneously with the filing of this pretrial statement. At the pretrial conference, the parties will discuss with the Court whether it wants to use a written jury questionnaire in this case.

**(15)   Any other matter which may tend to promote a fair and expeditious trial.**

JOINT PRETRIAL CONF. STMT.
CR 16-00440 WHA                                    4

Some of the government's exhibits are documents in the Russian language. The government has provided defense counsel with translations for these documents. As of the date of this filing, defendant has not raised any objections to the translations.

DATED: February 12, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

 /s/
ADAM G. GASNER
VALERY NECHAY
Attorneys for Nikulin