ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:     415-782-6000
Facsimile:     415-241-7340
E-Mail:        adam@gasnerlaw.com

VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:     415-652-8569
E-Mail:        valerynechaylaw@gmail.com

Attorneys for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>        Defendant. | **No. CR-16-00440 WHA**<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF RE DEFENSE MOTION IN LIMINE NO. 2 OPPOSING THE UNITED STATES' PROPOSED FED R. EVID. 404(b) EVIDENCE** |

**TO THE UNITED STATES AND ITS ATTORNEYS FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

This motion is based upon the authorities cited, Federal Rules of Evidence 404(b), the attached memorandum of points and authorities, any argument before the Court, and all other materials that may be added prior to or during the hearing.

1

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

## INTRODUCTION

Defendant YEVGENIY ALEXANDROVICH NIKULIN ("Mr. Nikulin") is charged by indictment with three counts of computer intrusion (Counts One, Four, and Seven), in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or command, causing damage to a protected computer (Counts Two and Eight), in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft (Counts Three and Nine), in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices (Count Six), in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy (Count Five), in violation of 18 U.S.C. § 371.

On January 29, 2020 and in conformance with the courts pre-trial orders (ECF 118 and 121) the defense filed *Defendant's Motion In Limine No. 2 to Exclude Prior Bad Acts Evidence, Bad Character Evidence, and Prior Criminal Convictions Pursuant to FRE 404(b), 608 and 609* (ECF 143). However, in that filing it was mistakenly represented that the defense had not received notice of prior bad act evidence from the government. In fact, on December 11, 2019 the government disclosed via email potential Rule 404(b) evidence it may seek to introduce at trial. That email was apparently mis-filed and as a result the defense did not address the specifics of that disclosure in its *In Limine No. 2*. Thereafter, the government in its diligence alerted defense counsel of the apparent oversight and, also, re-sent the December 11, 2019 disclosure to the defense.

The defense herein addresses the specifics of that disclosure and moves the court to allow this filing to supplement Defendant's *In Limine No. 2* (ECF 143).

///

///

///

///

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Supplemental Brief Re Fed R. Evid. 404(b) Evidence**

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

## MEMORANDUM OF POINTS AND AUTHORITIES

The government claims it has obtained evidence in the case that defendant Nikulin was involved in the unauthorized access of accounts of employees of a business called Automattic and that this access "is inextricably intertwined with the charged conduct" and is "further evidence of Nikulin's motive, intent, preparation, plan, knowledge, identity, and absence of mistake." December 11, 2019 disclosure letter. Automattic, nor its employees, are related or involved in the conduct charged in the Indictment in this case.

### A.   The claimed intrusion into the accounts of Automattic employees is not inextricably intertwined with the charge in the Indictment

Contrary to the government's claim, evidence of claimed intrusion into Automattic employee accounts is not "inextricably intertwined" with the crimes for which Mr. Nikulin will stand trial.

"There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404 (b)." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). The Ninth Circuit has identified two ways prior acts evidence is "inextricably intertwined" with the charged offense, thus obviating the government's need to satisfy Rule 404(b). The first is when the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* at 1012. The second is when the evidence is "necessary to…permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012-13.

Here, the proffered evidence is not part of the transaction that serves as the basis for the instant criminal charges, nor is it necessary to present a coherent story. This evidence will be primarily used to impermissibly attempt to have the jury believe that if Mr. Nikulin accessed the employee accounts of Automattic then he is more likely to have accessed the companies at issue in

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Supplemental Brief Re Fed R. Evid. 404(b) Evidence**

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

this case.  The government must therefore satisfy the requirements of Rule 404(b) before it can introduce evidence of the Automattic intrusion.

**B. The Government's 404(b) Notice Is Deficient.**

"Rule 404(b) forbids the admission of evidence of 'other crimes, wrongs, or acts…to prove the character of a person in order to show action in conformity therewith.'" *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004) (quoting Fed. R. Evid. 404(b)). These limitations reflect the "concern that a person charged with a crime be convicted only if its elements are proved beyond a reasonable doubt" and not "merely because he or she has done prior bad acts." *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015). Prior acts evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The government claims all evidence it will admit is admissible under Rule 404(b) "to show [Mr. Shafi's] 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, [and] lack of accident' in his charged attempt." This notice is deficient.

Rule 404 (b) requires the government give "reasonable notice" before trial "of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2). The government must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). The "incantation of the proper uses of such evidence under the rules does not magically transform inadmissible evidence into admissible evidence." *United States v. Morley*, 199 F.3d 129,133 (3rd Cir. 1999) (noting "[t]here is no alchemistic formula by which 'bad act' evidence that is not relevant for a proper purpose under Rule 404(b) is transformed into admissible evidence").  Without adequate notice, it is impossible to "make the focused determination of relevance mandated" by Rule 404(b). *United States v. Mayans*, 17 F.3d 1174,

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

1183 (9th Cir. 1994). Thus, inadequate notice "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *United States v. Vega*, 188 F.3d 1150, 1153 (9ᵗʰ Cir. 1999).  Labelling all the evidence it intends to introduce as 404(b) evidence and quoting Rule 404(b) verbatim is inadequate. *See Morley*, 199 F.3d at 133. A catchall notice fails to satisfy the government's obligation to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh*, 689 F.2d at 830. The Court should exclude all of the government's proposed 404(b) evidence for inadequate notice.

**C. The Automattic Intrusion Is Not Admissible Under 404(b).**

The Ninth Circuit has repeatedly explained that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also Mayans*, 17 F.3d at 1181 (noting that the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

Therefore, other acts evidence is admissible under 404(b) only if it meets four requirements:

(1) the evidence tends to prove a material point;

(2) the other act is not too remote in time;

(3) the evidence is sufficient to support a finding that defendant committed the other act; and

(4) (in certain cases) the act is similar to the offense charged.

*United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quotations and citation omitted).

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

With respect to the Automattic evidence, the government's disclosure fails to articulate at all how this claimed intrusion satisfies *any* of these requirements, let alone all of them.  Because the Automattic intrusion does not meet the admissibility requirements of 404(b), evidence about it should be excluded.

### D. The Danger of Unfair Prejudice Outweighs the Automattic Intrusion's Probative Value.

Even if other act evidence satisfies the requirements of 404(b), a district court may nonetheless exclude it under Federal Rule of Evidence 403 it if the probative value of the evidence is outweighed by the danger of unfair prejudice. "Where the probative value is slight, moderate prejudice is unacceptable." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004). The government bears the burden of showing the probative value of the evidence outweighs the risk of prejudice. *Id*. at 1242.  It is clear that the danger of unfair prejudice to Mr. Nikulin outweighs any probative value. The jury may prejudicially lump the Automattic evidence together with the charged conduct.  Because the danger of unfair prejudice outweighs its probative value, evidence of the intrusion into the accounts of Automattic employees should be excluded.

If the Court disagrees, then Mr. Nikulin requests the jury be given a limiting instruction. *See United States v. O'Brien*, 601 F.2d 1067, 1070 (9th Cir. 1979) ("When evidence of other crimes or wrongful acts is admitted to show the intent of a defendant to commit the offense charged, the judge should ordinarily instruct the jury on the limited purpose for which the evidence is admitted.").

///

///

///

///

DATED: February 12, 2020

/s/ *Adam Gasner* _____
Adam G. Gasner, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

DATED: February 12, 2020

/s/ *Valery Nechay* _____
Valery Nechay, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

**GASNER CRIMINAL LAW**
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

*USA v. Nikulin*
**Case Number: CR-16-00440 WHA**
**Defendant's Supplemental Brief Re Fed R. Evid. 404(b) Evidence**