FILED

FEB 25 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER
OF COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YEVGENIY ALEKSANDROVICH NIKULIN,<br><br>Defendant. | No. CR 16-0440 WHA<br><br>**ORDER RE GOVERNMENT'S MOTION IN LIMINE NO. ONE TO ADMIT CO-CONSPIRATOR STATEMENTS AND DEFENDANT'S MOTION IN LIMINE NO. ONE TO EXCLUDE ALLEGED CO-CONSPIRATOR STATEMENTS** |

## INTRODUCTION

In this prosecution for computer intrusion, the government moves to admit co-conspirator statements and defendant moves to exclude these statements. For the reasons stated below, the government's motion is **GRANTED** and the defendant's motion is **DENIED**.

## STATEMENT

Between March 2012 and July 2012, defendant Yevgeniy Nikulin allegedly gained unauthorized access to computers belonging to LinkedIn Corporation, Dropbox, Inc. and Formspring, Inc. By accessing these computers, he was able to access the personal

information of a LinkedIn employee and many Formspring users. Defendant also allegedly participated in a conspiracy to sell the personal information of these Formspring users.

In October 2016, the government charged defendant with the following: 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B) - Computer Intrusion (three counts); 18 U.S.C. § 1030(a)(5)(A) - Intentional Transmission of Information, Code, or Command Causing Damage to a Protected Computer (two counts); 18 U.S.C. § 1028A - Aggravated Identity Theft (two counts); 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1029(a)(2) - Trafficking in Unauthorized Access Devices.

The government now seeks to include and defendant seeks to exclude from trial the alleged statements of co-conspirators in regards to the sale of the Formspring data. The government specifically seeks to include a string of email exchanges between the alleged co-conspirators. In brief, the emails are as follows: On June 25, 2012, Alexey Belan and Nikita Kislitsin corresponded via email about an individual who had "stolen" Formspring's encrypted user data. Specifically, Belan vouched for an individual who Kislitsin had expressed some distrust for. On July 16, Kislitsin began corresponding via email with Mehmet Sozen offering to sell the emails, usernames, messages, and "so on" of thirty million Formspring users. The two ultimately agreed on a price and Kislitsin allegedly told Sozen to send payment to Oleg Tolstikh.

## ANALYSIS

An opposing party's statement is not hearsay and is accordingly admissible if the party's co-conspirator made the statement during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). To introduce such a statement into evidence, the government must establish by a preponderance of the evidence 1) the existence of a conspiracy and 2) participation of the defendant and declarant in the conspiracy. In making these preliminary factual determinations under Rule 801(d)(2)(E), the Court may look to the contested evidence, rather than only independent evidence. *Bourjaily v. United States*, 483 U.S. 171, 175–82 (1987). The declarant's statement alone do not suffice, however, to establish a conspiracy in which the declarant and the defendant participated. Fed. R. Evid. 801(d)(2)(E) Adv. Comm. Note (1997).

1. **EXISTENCE OF A CONSPIRACY.**

In demonstrating the existence of a conspiracy between Belan, Kislitsin, Sozen, and defendant, the government first points to above mentioned email exchanges. As stated above, however, the emails, which the government seeks to include in evidence, are not sufficient on their own to establish a conspiracy for these purposes. Accordingly, the government also offers a video allegedly taken in March 2012 but obtained in November 2012, in which Nikulin, Kislitsin, Tolstikh, and multiple other individuals met at a hotel in Moscow and discussed "a potential internet café business." The video on its own merely demonstrates that Nikulin may have known Kislitsin and Tolstikh, not that they all participated in a conspiracy to sell Formspring data.

The strongest indication a conspiracy existed is an interview the FBI conducted of Kislitsin at a U.S. Embassy in Moscow in 2014. In the interview, Kislitsin stated he "acquired the database from Yevgeniy and provided it to Rais [Sozen] for spamming purposes." Kislitsin specifically "provided the money to Rais, who provided the money to Oleg Tostyky [Tolstikh]." Kislitsin also stated he "met Yevgeniy in person through Tostyky [Tolstikh]" on one occasion.

Although there may be questions as to the credibility of Kistlitin's statement given Belan's and Sozen's alleged involvement with the Federal Security Service (FSB), in combination with the emails and video, the government has established by a preponderance of evidence that a conspiracy existed to sell Formspring data.

2. **PARTICIPATION IN CONSPIRACY.**

   A. *DEFENDANT'S PARTICIPATION.*

The government's showing of defendant's and the declarants' participation in the conspiracy is weaker. *First,* the email exchanges do not make a reference to defendant by name. The emails only imply that Belan and Kislitsin knew an individual with access to Formspring's data and that Sozen ultimately paid Tolstikh for the data. *Second,* although defendant was present at the meeting in which the video was taken, the video itself and the emails do not tie him to the alleged conspiracy here. *Third,* as to the interview, Kislitsin's statements, if credible, do implicate a transaction for the sale of Formspring data. Defendant, however, aptly argues that Kislitsin only referred to someone named Yevgeniy in the interview, a common Russian name.

The government only needs to demonstrate by a preponderance of the evidence that defendant participated in the conspiracy. The failure of Kislitsin to refer to defendant specifically by his last name in the interview does weaken the prospect that defendant is the one who participated in the transaction described in the emails and interview. Nonetheless, there are no references to any other individual named Yevgeniy who Kislitsin knew or in the hacking "community." Combined with the video showing that Kislitsin and defendant had met at least once, the government has demonstrated by a preponderance of evidence that defendant participated in the conspiracy.

### B. DECLARANTS' PARTICIPATION.

Keeping in mind the standard is only a preponderance of evidence, the government has demonstrated that the declarants participated in the conspiracy. In particular, Kislitsin stated in his interview that after he and Sozen agreed on a price for the Formspring data, Sozen paid Tolstikh. The interview also shows Kislitsin and Belan had worked together on other transactions involving stolen data, and the emails show that Belan facilitated a transaction involving Formspring data.

### 3. STATEMENTS MADE IN FURTHERANCE OF THE CONSPIRACY.

For statements to be made "in furtherance" of a conspiracy, the statements "must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988).

Using the same evidence stated above, the government has also shown by a preponderance of evidence that declarants made statements in furtherance of the conspiracy. In the initial June 2012 emails, Belan initiated contact with Kislitsin to ask if Kislitsin was going to "contact my guy and his partner." Later, Kislitsin asked which database was being sold and Belan answered, "Formspring," thereby setting in motion the transaction. In the later July emails, Sozen and Kislitsin negotiated the price for the data. Kislitsin initiated contact, notifying Sozen that he had a "good web-site Formspring.com" with "30 [m]illion users" before Sozen ultimately agreed to a price the next month. These statements are all integral parts of the conspiracy to sell the Formspring data.

## CONCLUSION

For the reasons stated above, the government's motion in limine to admit co-conspirator statements is **GRANTED**. Defendant's motion in limine to exclude co-conspirator statements is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 25, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiffs,<br><br>v.<br><br>YEVGENIY ALEKSANDROVICH NIKULIN,<br><br>        Defendants. | Case No.: 16-cr-00440-WHA-1<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

(1)      I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2)      On 2/25/2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Adam G. Gasner
The Law Office of Adam G. Gasner
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

Michelle J. Kane
U.S. Attorney's Office
1301 Clay Street
Suite 340S
Oakland, CA 94612

Dated: 2/25/2020

Susan Y. Soong
Clerk, United States District Court

By: /s/ Theresa Hoang
Theresa Hoang, Deputy Clerk to
the Honorable William Alsup

Service Certificate CRD
rev. August 2018