DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov
    katherine.wawrzyniak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00440 WHA |
| Plaintiff, | JOINT STATUS CONFERENCE MEMORANDUM |
| v. | |
| YEVGENIY ALEXANDROVICH NIKULIN, | |
| Defendant. | |

The parties telephonically met and conferred on April 15, 2020. In accordance with the Court's directives at the hearing on April 9, 2020, the parties discussed two main topics: (1) additional voir dire of the jurors in this case, and (2) recommendations for configuring the courtroom when trial resumes on May 4, 2020.

**A.    Additional Voir Dire**

The parties jointly recommend that the Court distribute the attached written questionnaire, and require each of the 16 jurors to respond by April 23, 2020. The parties jointly request that the Court

JOINT STATUS MEMO.
CR 16-00440 WHA

distribute copies of the jurors' responses to the parties on April 24, 2020, so that the parties may address the responses at the status conference on April 28.

The purpose of the written questionnaire is to ascertain the following categories of information: *First*, what is each juror's health situation, and how does each juror feel about proceeding during the COVID-19 pandemic? *Second*, is each juror available to serve each week day starting May 4 and continuing through the end of deliberations? Are there any non-health-related hardship issues? *Finally*, have any of the jurors been exposed to any outside information about the case since the trial recessed on March 11, 2020?

### B.    Courtroom Configuration and Other Logistics

The parties jointly recommend that the courtroom and court procedures be configured to comply with all relevant public health guidelines in effect on May 4, 2020.

Based on the requirements promulgated as of the date of this filing as the parties understand them, participants in the trial should maintain at least six-foot physical distance from other participants. As the Court indicated on April 9, 2020, this will mean that some of the chairs in the jury box are left empty, and jurors are spread out along the front pew, and possibly, into the first couple of rows of the gallery. Additional screens may be needed in the courtroom so that the jurors not inside the box are able to see any evidence being displayed.

If possible, the Court should secure a different room in the courthouse to serve as the jury room. Perhaps another courtroom on the 19th Floor could be used in lieu of the smaller rooms typically used, so that the jurors may spread out. During deliberations, jurors could be given the option of using the audio/visual system in the designated courtroom (e.g., the Elmo projector) so that one juror could handle the exhibits, but the exhibits would be visible to all.

The Court should also consider setting up an overflow courtroom with a live video feed for interested observers of the trial. This has been done in previous high-profile trials in the courthouse. The additional capacity will preserve the public's right of access to the trial, while ensuring that the recommended six feet of distance can still be maintained among attendees.

Arrangements should be made with the facilities staff in the building for daily cleaning of any rooms used during the course of the trial. All high-touch surfaces should be disinfected daily. If

possible, the Court should procure hand sanitizer, disposable gloves, and masks, to have available to jurors and trial participants during proceedings. Jurors should be instructed to bring their own food and water with them each morning so that they need not share common food, nor leave the courthouse during breaks.

The parties believe that anyone who wishes to wear a mask or face covering may do so; however, masks should not be required for those able to maintain six feet of social distance. The attorneys and court staff should have individual face coverings at hand, in case they need to have a sidebar or find themselves in some other situation where it is not possible to maintain six feet of distance between each participant.

The foregoing are merely recommendations. The parties remain amenable to other suggestions that the Court may have regarding trial logistics.

DATED: April 17, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MICHELLE J. KANE
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

/s/
ADAM G. GASNER
VALERY NECHAY
Attorneys for Nikulin

# ATTACHMENT A

Joint Proposed Voir Dire Questions

Members of the jury, please carefully read each of the following questions numbered 1-10, and respond in the space provided.

The purpose of this questionnaire is to determine whether trial can resume safely and fairly on May 4, 2020. Please answer each question truthfully, even if you feel the question is repetitive of prior questions you have answered, and do not discuss the contents of your questionnaire. Please be assured that your personal medical information and personal identifying information will not be made public.

**You are required to return the form via email by 5:00 p.m. on April 23, 2020**.

1. Do you have any plans or obligations (including employment/academic/or childcare) that would conflict with your continued jury service between May 4, 2020 and May 15, 2020?

Please answer yes or no. If yes, explain what the conflict is and what days it potentially impacts:

_____

_____

_____

2. The United States Centers for Disease Control and Prevention ("CDC") has said that older adults and people of any age who have serious underlying medical conditions may be at higher risk for more severe complications from the novel coronavirus, also known as COVID-19. Do you believe you or any member of your immediate household is at higher risk?

Please answer yes or no. If yes, please explain your concerns:

_____

_____

_____

3. Do you or anyone in your household currently have symptoms of illness, including fever, cough, shortness of breath, congestion, or respiratory problems?

Please answer yes or no. If yes, please provide details including the date the symptoms began and any medical treatment to date.

_____

_____

_____

4. To the best of your knowledge, have you been exposed to COVID-19?

Please answer yes or no. If yes, please explain.

_____

_____

_____

5. The Court will be implementing procedures to maintain physical distance and minimize potential exposure to COVID-19 in the courtroom. Even with these precautions, do you have **ANY** concerns related to COVID-19 that would affect your ability to pay attention and fully concentrate on the evidence in this case?

Please answer yes or no. If yes, please explain your concerns.

_____

_____

_____

6. *If you answered Yes to Question 5 above*, do you feel you can set aside your concerns regarding COVID-19 and focus your attention on listening to the evidence and deliberating with other jurors?

Please answer yes or no. *If you responded No to Question 5 above*, please skip ahead to Question 7.

_____

7. Since we broke for the day on March 11, 2020, have you read, watched, or listened to any news reports or other accounts about the trial or anyone associated with it, including any online research?

Please answer yes or no. If yes, please explain what information you were exposed to and how.

_____

_____

_____

8. Since we broke for the day on March 11, 2020, have you discussed the **substance** of this case with anyone, including your fellow jurors, members of your family, people involved in the trial or anyone else?

Please answer yes or no. If yes, please explain. Please note, you do not need to answer yes if you merely discussed scheduling or non-substantive issues related to the trial; for example, if you told your employer you might need to return to court on April 13.

_____

_____

_____

9. Do you have a good memory of the testimony you heard during the first two days of trial? Would you find it helpful for the parties to give a brief summary of the evidence on March 10 and 11, 2020 before resuming the evidence portion of the trial?

Please answer yes or no. If no, please explain.

_____

_____

_____

10. Are there any other reasons you cannot render a fair and impartial verdict based on the evidence introduced at trial or any other reasons you cannot serve on this jury for the remainder of this trial between May 4, 2020- May 15, 2020?

Please answer yes or no. If yes, please explain.

_____

_____

_____

If you have any concerns not addressed here that you wish to raise directly to the Court, please indicate below and provide a contact telephone number and times you are available.

Yes, I wish to address the Court regarding other concerns ☐

Telephone number:

_____
I am available at the following times:

_____

_____