ADAM G. GASNER (SBN 201234)
VALERY NECHAY (SBN 314752)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:   415-782-6000
Facsimile:    415-782-6011
E-Mail:         adam@gasnerlaw.com

Attorneys for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br><br>YEVGENIY ALEXANDROVICH NIKULIN,<br><br>              Defendant. | No. CR 16-00440 WHA<br><br>**DEFENSE OPPOSITION TO UNITED STATES' MOTION FOR DEPOSITIONS PURSUANT TO FED. R. CRIM. P. 15**<br><br>Hearing Date: April 28, 2020<br>Time: 12:00 p.m.<br>Courtroom 12, 19th Floor<br>Trial Date: May 4, 2020<br><br>Hon. William Alsup |

**I.    INTRODUCTION**

On April 21, 2020, in light of the COVID-19 pandemic, the government filed a motion per Rule 15 of the Federal Rules of Criminal Procedure requesting the Court allow the United States to present remotely videotaped depositions of two of its remaining witnesses, Ganesh Krishnan and Emily Odom, when trial resumes on May 4, 2020. Because of the health of these two witnesses, the

government asserts that in-person testimony would place both witnesses in a position of undue risk due to the pandemic.

Witness Krishnan is a former LinkedIn employee and led the security team that responded to defendant's alleged intrusion into LinkedIn's systems and theft of its data. Special Agent Odom interviewed an alleged co-conspirator and purports to identify that person in a video in which he appears with defendant during the same time as the alleged offenses.

The Defense objects to appearances by deposition at trial by these two witnesses because such proffered testimony violates Defendant Nikulin's 6th Amendment right to confront and cross-examine witnesses presented by the government, the witnesses do not meet the unavailability standard, and are not presently so ill that they fall within the category of people for whom Rule 15 has historically applied.

**II.   RULE 15 DOES NOT CONTEMPLATE DEPOSITION TESTIMONY AT TRIAL FOR REASONS OF MEDICAL PREEXISTING CONDITIONS WHICH FAIL TO OUTWEIGH DEFENDANT'S 6th AMENDMENT RIGHT**

Federal Rule of Criminal Procedure 15 allows the trial court to order the deposition of a witness for "exceptional circumstances." Depositions are extremely disfavored because of the preference for live testimony and the traditional concerns for the constitutional right to confrontation and cross-examination.

A deposition will be ordered only if it appears that a witness will not be available at trial due to impending death, serious illness, or absence from the jurisdiction of the United States. In addition to Rule 15, 18 U.S.C. §3503(a) allows the government to depose an informant in certain situations. *U.S. v. Singleton*, 460 F.2d 1148 (2d Cir. 1972) (deposition allowed when witness is unavailable and reason for absence is not attributable to the government).

*USA v. NIKULIN*, No. CR 16-00440 WHA
Mtn. in Opposition

The government can also, under "exceptional circumstances," require an immunized witness to submit to a deposition to obtain evidence against the witness' criminal cohorts. *U.S. v. Johnson*, 752 F.2d 206, 210 (6th Cir. 1985). The Ninth Circuit allowed the admission of a videotaped deposition taken at the government's request in Thailand because of the witness' "exceptional circumstances" of being incarcerated. *U.S. v. Sines*, 761 F.2d 1434, 1438 (9th Cir. 1985); *see also U.S. v. Dragoul*, 1 F.3d 1546, 1553 (11th Cir. 1993).

In the instant case, witnesses Krishnan and Odam have preexisting health issues rendering their personal appearances in court risky due to the opportunistic Corona virus. The preexisting conditions, however, do not outweigh defendant Nikulin's constitutional right to confront and cross-examine prosecution witnesses.

### III. DEPOSITION TESTIMONY FROM THE TWO WITNESSES DOES NOT MEET THE CRITERIA OF FEDERAL RULE OF EVIDENCE 804

At the outset of its motion, the government cites *United States v. Olafson*, 213 F.3d 435 (2000) to indicate a court's "broad discretion" in granting a motion for deposed testimony per Rule 15. However, the *Olafson* Court is more exclusive, observing that Rule 15 "explicitly states that such depositions will be reserved for 'exceptional circumstances [where] it is in the interest of justice that the testimony of a prospective witness be taken and preserved for use at trial.'" *Id*. at 442. Exceptional circumstances, within the meaning of the Rule, ordinarily are found "when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice." *U.S. v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998).

Federal Rule of Evidence 804 describes the criteria for a witness's unavailability: "[the witness] cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4). Here, the witnesses are available for testimony in court. Their mutual health risks, while lamentable, do not place them at

sufficiently higher risk than anyone else appearing in court given the unpredictability of the contagion and the risk to all who congregate together in one setting.

## IV. CONCLUSION

The government argues that COVID-19, a massive public health emergency, unduly jeopardizes their witnesses' well-being due to the witnesses' preexisting health conditions rendering them unduly vulnerable to infection. For all we know, however, all who enter the courtroom are in jeopardy. The witnesses are not precluded in a way that is distinguishable enough from any other participant's risk. They are available to appear and the risk they endure, while heightened, does not mean jurors, attorneys, the Court, and staff are exempt from risk.

DATED: April 27, 2020

/s/ *Valery Nechay* _____
Valery Nechay, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

DATED: April 27, 2020

/s/ *Adam Gasner* _____
Adam G. Gasner, Esq.
Attorney for Defendant
YEVGENIY ALEXANDROVICH NIKULIN

*USA v. NIKULIN*, No. CR 16-00440 WHA
Mtn. in Opposition