UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 16-0440 WHA |
| v. | |
| YEVGENIY ALEKSANDROVICH NIKULIN, | **ORER RE DEFENDANT'S MOTION IN LIMINE NO. 2** |
| Defendant. | |

Defendant Yevgeniy Nikulin is charged with three counts of computer intrusion (Count One); two counts of intentional transmission of information, code, or command, causing damage to a protected computer (Counts Two and Eight); two counts of aggravated identity theft (Counts Three and Nine); one count of trafficking in unauthorized access devices (Count Six); and one count of conspiracy (Count Five).

The government has provided notice of its intent to introduce evidence of defendant's alleged (but uncharged) computer intrusion of a company called Automattic. Defendant moves to exclude such evidence under FRE 404(b).

FRE 404(b) states:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

*First,* the government argues that regardless of FRE 404(b), the evidence should be admissible because it is "inextricably intertwined" with the charge conduct because it was part of defendant's "continuous, sustained campaign" to steal user account credentials.

Our court of appeals has found other-act evidence to be inextricably intertwined when it: (1) constitutes a part of the transaction that serves as the basis for the criminal charge or (2) when it was in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Neither of these situations apply here.

True, many of the same processes were used in the alleged Automattic hack (*i.e.*, the chinabig01@gmail.com was used to research Automattic employees; information from an Automattic employee's Dropbox account was used to gain access to her Automattic corporate account, and ultimately access Automattic data). These similarities and the fact that Dropbox is a victim in the charged crimes do not mean that the Automattic breach is inextricably intertwined to the underlying charges. The government here has also not shown how the overall story would be incomprehensible or incoherent without the Automattic evidence. Nor has the government demonstrated the evidence concerning Automattic goes directly to an element of the underlying charged crimes that would make it part of the part of the transaction that serves as the basis for the criminal charge. *See e.g.*, *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

*Second,* the government argues in the alternative that the evidence should be admissible under FRE 404(b) as it shows defendant's intent, preparation, plan, identity, and method of operating. Generally, the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence to support a finding that defendant committed the other act; and, (4) in some cases, is similar to the offense charged." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010).

2

On one hand, the government has not shown how the methods in the intrusion of LinkedIn, Formspring, Dropbox, and Automattic are unique enough so as to qualify as modus operandi evidence, which thereby lessens the materiality of the Autotmattic evidence. On the other hand, the chinabig01@gmail.com account was used in these intrusions. Given the low bar for materiality, the Automattic evidence tends to prove the material point that whoever controlled the chinabig01@gmail.com account also conducted the computer intrusions. The other factors are easily met. The Automattic intrusion occurred less than a year after the Formspring intrusion, is based on sufficient evidence (*e.g.*, authenticated computer logs and business records), and was premised on similar intrusion methods.

Accordingly, defendant's second motion in limine is **DENIED**. Evidence of the Automatic breach is admissible. As to defendant's concern regarding the prejudice this may cause, a limiting instruction shall be provided to the jury.

**IT IS SO ORDERED.**

Dated: May 18, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE