UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

YEVGENIY ALEKSANDROVICH NIKULIN,

          Defendant.

No.  CR 16-0440 WHA

**JURY INSTRUCTIONS**

**COURT'S PROPOSED CHARGE TO THE JURY**

**AND SPECIAL VERDICT FORM**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on July 7, 2020, for discussion with the Court at the charging conference on July 7, 2020, or July 8, 2020.  Counsel are reminded that all objections, additions, or modifications must be made at the charging conference or else they shall be deemed waived.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

YEVGENIY ALEKSANDROVICH NIKULIN,

        Defendant.

No.  CR 16-0440 WHA

**JURY INSTRUCTIONS**

**FINAL CHARGE TO THE JURY**

**1.**

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that matter is entirely up to you.

**2.**

The United States government charges defendant with nine counts:

- Three counts of Obtaining Information from a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C);

- Two counts of Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A);

- Two counts of Aggravated Identify Theft, in violation of Title 18, United States Code, Section 1028A;

- One count of Conspiracy to Traffic in Unauthorized Access Devices, in violation of Title 18, United States Code, Section 371; and

- One count of Trafficking in Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(2).

The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count

**2.**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**3.**

The defendant has pleaded not guilty to the charges against him and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  The defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.  Let me explain what that means.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that defendant is guilty.  It is not required, however, that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him guilty.

**4.**

The indictment charges that certain offenses were committed "on or about" or "approximately" on certain dates.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Although it is necessary for the government to prove beyond a reasonable doubt that each

2    offense was committed on a date reasonably near the respective date alleged in the indictment,

3    it is not necessary for the government to prove that the offense was committed precisely on the

4    date alleged.

5                                                **5.**

6    A defendant in a criminal case has a constitutional right not to testify.  In arriving at your

7    verdict, the law prohibits you from considering in any manner that the defendant did not

8    testify.

9                                                **6.**

10   The evidence you are to consider in deciding what the facts are consists of:

11       1.    The sworn testimony of any witness;

12       2.    The exhibits that are received in evidence; and

13       3.    Any facts to which the parties agree.

14                                               **7.**

15   In reaching your verdict, you may consider only the testimony and exhibits received in

16   evidence.  The following things are not in evidence and you may not consider them in deciding

17   what facts are:

18       1.    Questions, statements, objections, and arguments by the lawyers are not evidence.

19             The lawyers are not witnesses.  Although you must consider a lawyer's questions to

20             understand the answer of a witness, the lawyer's questions are not evidence.

21             Similarly, what the lawyers have said in their opening statements, will say in their

22             closing arguments and at other times is intended to help you interpret the evidence,

23             but is not evidence.  If the facts as you remember them differ from the way the

24             lawyers state them, your memory of them controls.

25       2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not

26             evidence.  In addition, some evidence was received only for a limited purpose;

27             when I have instructed you to consider certain evidence in a limited way, you must

28             do so.

United States District Court
Northern District of California

3.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received in trial.

**8.**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**9.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it or none of it.  In considering the testimony of any witness, you may take into account:

1.   The witness's opportunity and ability to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case, if any;

5.   The witness's bias or prejudice, if any;

6.   Whether other evidence contradicted the witness's testimony;

7.   The reasonableness of the witness' testimony in light of all the evidence; and

8.   Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People

often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified truthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**10.**

Now we turn to the specific counts charged in this case.  A separate crime is charged in each count.  You must decide each count separately.

The indictment charges nine counts.  Your verdict must be unanimous as to each of the nine.

**11.**

The defendant is charged in Counts One, Four, and Seven of the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030(a)(2)(C) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant intentionally accessed without authorization or exceeded authorized access to a computer; and

*Second*, by accessing without authorization or exceeding authorized access to a computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication or located outside the United States but that computer was used in a manner that affected interstate or foreign commerce or communication of the United States.

If you find that the government has proved these two elements beyond a reasonable doubt, then you must also determine whether the government has proved either of the following beyond a reasonable doubt:

(a) that the offense was committed for purposes of commercial advantage or private financial gain; or

(b) that the value of the information obtained exceeded $5,000.

**12.**

The defendant is charged in Counts Two and Eight of the indictment with transmitting a program, information, a code, or a command to a computer, intending to cause damage, in violation of Section 1030(a)(5) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly caused the transmission of a program, information, a code, or a command to a computer;

*Second*, as a result of the transmission, the defendant intentionally impaired without authorization the integrity, availability of data, a program, a system, or information; and

*Third*, the computer was used in or affected interstate or foreign commerce or communication or was located outside the United States but was used in a manner that affects interstate or foreign commerce or communication of the United States.

If you find that the government has proved these three elements beyond a reasonable doubt, then you must also determine whether the government has proved beyond a reasonable doubt that the offense caused loss to one or more persons during any one-year period aggregating at least $5,000 in value.  A corporation is considered a person for these purposes.

**13.**

As used in Section 1030 of Title 18 of the United States Code, the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such

United States District Court
Northern District of California

device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

**14.**

The defendant is charged in Counts Three and Nine of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly possessed or used without legal authority a means of identification of another person;

*Second*, the defendant knew that the means of identification belonged to a real person; and

*Third*, the defendant did so during and in relation to violations of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i) and (iii).

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual including any—

- name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
- unique electronic identification number, address, or routing code; or
- access device.

The term "access device" as used here means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

**15.**

The defendant is charged in Count Six of the indictment with trafficking in unauthorized access devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of the

United States District Court
Northern District of California

9

United States District Court
Northern District of California

United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly trafficked in the unauthorized access devices at any time during a one-year period beginning on or about June 1, 2012, and ending on or about May 31, 2013;

*Second*, by trafficking in the unauthorized access devices during that period, the defendant obtained anything of value worth $1,000 or more during that period;

*Third*, the defendant acted with the intent to defraud; and

*Fourth*, the defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

To "traffic" in an access device means to transfer or otherwise dispose of it to another, or to obtain control of it with intent to transfer or dispose of it.

**16.**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**17.**

The defendant is charged in Count Five of the Indictment with conspiring to traffic in unauthorized access devices, in violation of Section 1029(a)(2) of Title 18 of the United States

10

1   Code.  In order for the defendant to be found guilty of that charge, the government must prove

2   each of the following elements beyond a reasonable doubt:

3        *First*, beginning on a date unknown and ending on or about May 31, 2013, there was an

4   agreement between two or more persons to commit the crime of trafficking in unauthorized

5   access devices.  I have just instructed you as to the elements of that offense;

6        *Second*, the defendant became a member of the conspiracy knowing of at least one of its

7   objects and intending to help accomplish it; and

8        *Third*, one of the members of the conspiracy performed at least one overt act after on or

9   about June 13, 2012, for the purpose of carrying out the conspiracy.

10        A conspiracy is a kind of criminal partnership — an agreement of two or more persons to

11   commit one or more crimes.  The crime of conspiracy is the agreement to do something

12   unlawful; it does not matter whether the crime agreed upon was committed.

13        For a conspiracy to have existed, it is not necessary that the conspirators made a formal

14        agreement or that they agreed on every detail of the conspiracy. It is not enough,

15   however, that they simply met, discussed matters of common interest, acted in similar ways, or

16   perhaps helped one another.  You must find that there was a plan to commit at least one of the

17   crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to

18   the particular crime which the conspirators agreed to commit.

19        One becomes a member of a conspiracy by willfully participating in the unlawful plan

20   with the intent to advance or further some object or purpose of the conspiracy, even though the

21   person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

22   willfully joins an existing conspiracy is as responsible for it as the originators. On the other

23   hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

24   some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a

25   person does not become a conspirator merely by associating with one or more persons who are

26   conspirators, nor merely by knowing that a conspiracy exists.

27

28

United States District Court
Northern District of California

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

As long as jurors agree that the government has proven each element of a conspiracy, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy.

**18.**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of trafficking in unauthorized access devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of the United States Code as charged in Count Six of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

*First*, a person named in Count Six of the indictment committed the crime of trafficking in unauthorized access devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of the United States Code as alleged in that count;

*Second*, the person was a member of the conspiracy charged in Count Six of the indictment;

*Third*, the person committed the crime of trafficking in unauthorized access devices during a period of one year in violation of Section 1029(a)(2) of Title 18 of the United States Code in furtherance of the conspiracy;

*Fourth*, the defendant was a member of the same conspiracy at the time the offense charged in Count Six was committed; and

*Fifth*, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**19.**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

**20.**

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**21.**

I will give you a verdict form to guide your deliberations.  However, you do not need to address the questions in the precise order listed.

**22.**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**23.**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**24.**

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

14

**25.**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing via the court security officer, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note.

**26.**

You have been required to be here each day from 9:00 A.M. to 2:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

**27.**

It is very important that you let the Clerk know via the court security officer in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

**28.**

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

**29.**

When all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the court security officer that you have

reached a verdict.  The foreperson should keep the filled-in verdict form and bring it to the courtroom when the jury returns the verdict.  Thank you for your careful attention. The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

**IT IS SO ORDERED.**

Dated:  July 7, 2020.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

YEVGENIY ALEKSANDROVICH NIKULIN,

        Defendant.

No.  CR 16-0440 WHA

**SPECIAL VERDICT FORM**

YOU MAY APPROACH THE FOLLOWING QUESTIONS IN ANY ORDER YOU WISH, BUT YOUR ANSWERS MUST BE **UNANIMOUS.**

1.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Computer Intrusion, in violation of Title 18, United States Code, Section 1030(a)(2) as charged in Count One of the indictment?

    Yes, Guilty _____          No, Not Guilty _____

United States District Court
Northern District of California

a.  If you found the defendant guilty as to Count One, do you also find beyond a reasonable doubt that the offense was committed for purposes of commercial advantage or private financial gain?

Yes  _____                              No  _____

b.  If you found the defendant guilty as to Count One, do you also find beyond a reasonable doubt that the value of the information obtained exceeded $5,000?

Yes  _____                              No  _____

2.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Intentional Transmission Causing Damage to a Protected Computer, in violation of  Title 18, United States Code, Section 1030(a)(5)(A) as charged in Count Two of the indictment?

Yes, Guilty _____                       No, Not Guilty _____

a.  If you found the defendant guilty as to Count Two, do you also find beyond a reasonable doubt that the offense caused loss to one or more persons during any one-year period aggregating at least $5,000 in value?

Yes  _____                              No  _____

3.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A as charged in Count Three of the indictment?

Yes, Guilty _____                    No, Not Guilty _____

4.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Computer Intrusion, in violation of Title 18, United States Code, Section 1030(a)(2) as charged in Count Four of the indictment?

Yes, Guilty _____                    No, Not Guilty _____

    a.  If you found the defendant guilty as to Count Four, do you also find beyond a reasonable doubt that the offense was committed for purposes of commercial advantage or private financial gain?

    Yes _____                    No _____

    b.  If you found the defendant guilty as to Count Four, do you also find beyond a reasonable doubt that the value of the information obtained exceeded $5,000?

    Yes _____                    No _____

5.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Conspiracy, in violation of Title 18, United States Code, Section 371 as charged in Count Five of the indictment?

Yes, Guilty _____                    No, Not Guilty _____

3

6. Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Trafficking in Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(2) as charged in Count Six of the indictment?

Yes, Guilty _____          No, Not Guilty _____

7. Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Computer Intrusion in violation of Title 18, United States Code, Section 1030(a)(2) as charged in Count Seven of the indictment?

Yes, Guilty _____          No, Not Guilty _____

   a. If you found the defendant guilty as to Count Seven, do you also find beyond a reasonable doubt that the offense was committed for purposes of commercial advantage or private financial gain?

      Yes _____          No _____

   b. If you found the defendant guilty as to Count Seven, do you also find beyond a reasonable doubt that the value of the information obtained exceeded $5,000?

      Yes _____          No _____

United States District Court
Northern District of California

4

8.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Intentional Transmission Causing Damage to a Protected Computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A) as charged in Count Eight of the indictment?

Yes, Guilty _____                    No, Not Guilty _____

    a.  If you found the defendant guilty as to Count Eight, do you also find beyond a reasonable doubt that the offense caused loss to one or more persons during any one-year period aggregating at least $5,000 in value?

    Yes _____                    No _____

9.  Has the government proven beyond a reasonable doubt that defendant Yevgeniy Nikulin is guilty of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A as charged in Count Nine of the indictment?

Yes, Guilty _____                    No, Not Guilty _____

*          *          *

When this form is completed, the jury foreperson should date and sign it and advise the Court that you have reached a verdict.

Dated:

_____
FOREPERSON

United States District Court
Northern District of California