**Pages 1 - 17**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) VS. ) ) YEVGENIY ALEKSANDROVICH ) NIKULIN, ) ) Defendant. ) _____ ) | **NO. CR 16-00440 WHA** |

San Francisco, California
Tuesday, August 6, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        1301 Clay Street - Suite 340S
        Oakland, California 94612
  **BY: MICHELLE J. KANE**
     **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:
        OFFICE OF THE FEDERAL PUBLIC DEFENDER
        450 Golden Gate Avenue
        19th Floor
        San Francisco, California 94102
  **BY: STEVEN KALAR**
     **FEDERAL PUBLIC DEFENDER**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
             Official Reporter, CSR No. 12219

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant:
                              BUKH LAW FIRM, PLLC
 3                            1123 Avenue Z
                              Brooklyn, New York 11235
 4                    BY:     GEORGE C. GRASSO
                              ATTORNEY AT LAW
 5
                              LAW OFFICE OF ADAM G. GASNER
 6                            Law Chambers Building
                              345 Franklin Street
 7                            San Francisco, California 94102
                      BY:     ADAM G. GASNER
 8                            ATTORNEY AT LAW

 9                            LAW OFFICE OF VALERY NECHAY
                              Law Chambers Building
10                            345 Franklin Street
                              San Francisco, California 94102
11                    BY:     VALERY NECHAY
                              ATTORNEY AT LAW
12

13   Also Present:   Marina Brodskaya, Certified Russian Interpreter
```

| | |
|---|---|
| 1 | **Tuesday - August 6, 2019**                                      **2:21 p.m.** |
| 2 | P R O C E E D I N G S |
| 3 | ---o0o--- |
| 4 | **THE CLERK:** Calling Criminal Action 16-440, |
| 5 | United States versus Yevgeniy Aleksandrovich Nikulin. |
| 6 | Counsel, please state your appearances for the record. |
| 7 | **MS. KANE:** Good afternoon, Your Honor. Michelle Kane |
| 8 | for the United States. |
| 9 | **MS. NECHAY:** Good afternoon, Your Honor. Valery |
| 10 | Nechay on behalf of Mr. Nikulin. |
| 11 | **MR. GRASSO:** Good afternoon, Your Honor. George |
| 12 | C. Grasso on behalf of Mr. Nikulin. |
| 13 | **THE COURT:** George what? |
| 14 | **MR. GRASSO:** C. Grasso, of the Bukh Law Firm. |
| 15 | **THE COURT:** Yes. All right. |
| 16 | And you are back there? |
| 17 | **MR. GASNER:** Your Honor, Adam Gasner, G-a-s-n-e-r. |
| 18 | I'm with the CJA panel, if the Court wishes to discuss the case |
| 19 | with me. |
| 20 | **THE COURT:** Okay. So we are here today -- has |
| 21 | everyone made their appearance? |
| 22 | How about our interpreter? Have you identified yourself, |
| 23 | please? |
| 24 | **THE INTERPRETER:** Marina Brodskaya, certified Russian |
| 25 | interpreter. 301188, oath on file. |

1    **THE COURT:**  And have you been sworn in this same case
2  before?
3    **THE INTERPRETER:**  I have.
4    **THE COURT:**  Very good.
5      Now help me.  I think I know where we are, but refresh my
6  memory on why we're here today.
7    **MS. KANE:**  Your Honor, the defendant's counsel from
8  the Bukh Law Firm has moved to withdraw as counsel; and that's
9  the matter before the Court today.
10    **THE COURT:**  All right.  Now -- and I may need
11  Mr. Kalar to weigh in on this.  I see him back there.  He is
12  our Federal Public Defender.
13      Well, I am inclined to do the following:  Grant the motion
14  to withdraw and to appoint Valery Nechay and Mr. Gasner as
15  lawyers, with the understanding that we're going to go to trial
16  in January.
17    **MR. GASNER:**  Your Honor, thank you.
18      I have had -- the caveat to that, the only caveat to that
19  is that they -- I have reviewed the indictment, most recent
20  possible plea agreement, and looked at what's available
21  publicly on Pacer.
22      The discovery in this case was not made available to
23  Ms. Nechay in a readable format, unfortunately, by the Bukh Law
24  Firm.  It was missing all the access codes to get into that
25  discovery.

I would have endeavored to review that before making this appearance. I endeavored. I was not able to do so.

I have met with Mr. Nikulin in person at the Maguire facility where he is currently being housed. I have had a conversation with him. But I think it would be unfair, premature for me to assure the Court that I could go to trial in January until I review the discovery and determine what the possible, if any, defenses were, and whether or not experts were needed, or what investigation might be required.

Now, that being said, I understand the Court's wish to make sure this case goes in January. I wouldn't be here if I didn't think that we could endeavor to do that. But I would like an opportunity to assure myself that he receives effective representation.

**THE COURT:** How could we be in the position where the -- Ms. Nechay, you didn't have this material and the material has been provided as fully -- bad info?

**MS. NECHAY:** Well, Your Honor, I received the materials; however, they did not have the initial discovery letter that had the password. I did receive that from Ms. Kane today, so my office and I are going to do everything we can to expeditiously conduct our review with Mr. Gasner and his office.

**THE COURT:** How long will that take?

**MR. GASNER:** Your Honor, if we have that password, if

1   we could come back before this Court in a couple of weeks to
2   give me a chance to review it -- maybe on your criminal
3   calendar in two weeks time -- so that I can at least give the
4   Court some assurance that I have had a chance to review at
5   least the most relevant affidavits and 302s and determine
6   whether or not there appears to be any major impediment to the
7   Court's trial calendar.
8           **THE COURT:**  Can we do this in two weeks?  I know this
9   is a tough calendar.
10          **THE CLERK:**  Our calendar is closed.
11          **THE COURT:**  Can we specially set it, then, in
12  two weeks?  How about in the morning?
13          **THE CLERK:**  We start at 11:00 that day.  Did you want
14  to set something earlier than that?
15          **THE COURT:**  Yeah.  How about 10:00?
16          **THE CLERK:**  We can do 10:00.  There is no other day
17  that week.
18          **THE COURT:**  10:00 on -- give me the date again?
19  August what?
20          **THE CLERK:**  Or we could do, actually, Wednesday the
21  21st at 10:30.
22          **MR. GASNER:**  Pardon me.  I'm unable to do the 21st.  I
23  could do your regular calendar on the 20th or 27th.
24          **THE CLERK:**  The judge is unavailable on the 27th.
25          **MR. GASNER:**  Okay.  I could special set it, otherwise

1   then at the Court's --
2           **THE COURT:** What were you originally proposing,
3   Theresa?
4           **THE CLERK:** The 20th at 10:00.
5           **MR. GASNER:** That's fine.
6           **MS. NECHAY:** I'm amenable to that as well.
7           **MS. KANE:** That's fine.
8           **THE COURT:** Okay. We'll come back at that time.
9       You came all the way from New York?
10          **MR. GRASSO:** I did. So I would ask if Your Honor
11  would still entertain our motion. This -- here is the thing,
12  who is going to represent the defendant in the meantime?
13          **MS. NECHAY:** Your Honor, I would like to ask to be
14  provisionally appointed for continuity of counsel.
15          **THE COURT:** Let me ask Mr. Kalar. Is that okay? Can
16  I do that? Do I have the authority to do that?
17          **MR. KALAR:** To provisionally appoint?
18          **THE COURT:** Provisionally, so that he doesn't have to
19  come back from New York. So I let him out of the case and then
20  they, provisionally, are in the case.
21      Can I do that? It seems like I ought to be able to do
22  that.
23          **MR. KALAR:** Both counsel?
24          **THE COURT:** Maybe just for Valery Nechay for now.
25  But -- or both counsel. But Mr. Grasso has come a long way,

1  and I hate to impose the expense on him to come back.
2          **MR. KALAR:**  General Order Number 2, the District's
3  General Order Number 2 -- I'm sorry.  Steven Kalar for the
4  Federal Public Defender's Office making a general appearance.
5     The Northern District orders generally require appointment
6  of panel counsel.  Mr. Gasner is panel counsel.  Of course the
7  Court has the discretion to appoint whomever it wishes.  So I
8  don't think that that order is a bar to that.  It is certainly
9  encouraged.
10         **THE COURT:**  All right.  Here is my plan -- well, you
11 look like you had a brilliant thought.
12         **MR. GASNER:**  I wouldn't say it's brilliant, Your
13 Honor.  I would say that I'm happy to be -- provisionally be
14 appointed and ask Ms. Nechay be provisionally appointed as
15 associate counsel on the matter and come back on the date
16 suggested.
17         **THE COURT:**  All right.  How about Mr. Nikulin?  Of
18 course he doesn't have the right to veto free lawyers; but
19 nevertheless, have you two talked with him about you coming
20 into the case?
21         **MR. GASNER:**  I did.  I met with him in person at the
22 Maguire facility.  And I told him that -- that I was going
23 to -- it was going to be your decision, but I wished to
24 represent him, and he indicated at that time that that would be
25 okay with him.

1  **THE COURT:** That's right, Mr. Nikulin?

2  **THE DEFENDANT:** Yes.

3  **THE COURT:** Now, do we have to go through the
4  magistrate judge for appointment of counsel or can I do that?

5  **MR. KALAR:** I believe you can do it, Your Honor. And
6  I'll speak with Mr. Deang for the provisional appointment.

7  Would the Court be inclined to appoint Mr. Gasner nunc pro
8  tunc from the initial meeting?

9  **MR. GASNER:** Yes, Your Honor. My request would be, at
10 a minimum, to be appointed nunc pro tunc, let's call it, a
11 week -- I mean, there was other work, but I think substantively
12 if the Court would kindly provisionally appoint me to
13 July 30th, 2019, that would cover most of the most recent work
14 that was of substance.

15 **MR. KALAR:** And, Your Honor, I'll speak with Mr. Deang
16 in my office and I'll ask him to prepare the necessary
17 paperwork for provisional appointments for both counsel
18 effective that date.

19 **THE COURT:** Doesn't Mr. Nikulin have to swear he has
20 no assets and can't afford a lawyer? That seems like --

21 **MR. KALAR:** He will, ultimately, Your Honor. If there
22 is a formal appointment, I would recommend that. For this
23 provisional appointment -- I think, particularly given that
24 there is a consensus there was no immediate appearance of
25 assets available -- I think that would be sufficient for the

1  interim.  The magistrates often do provisional appointments
2  until finances are determined.
3      So if Mr. Gasner and counsel are formally appointed in
4  two weeks, what I recommend then is that they go to the
5  magistrate judge to complete a financial declaration and
6  formalize the appointment.
7          **THE COURT:**  Okay.  The Kalar plan is a good one.
8          **MR. GASNER:**  May I just consult with Mr. Kalar for a
9  moment?
10         **THE COURT:**  Sure.  Go ahead.
11                 (Counsel conferring.)
12         **MR. KALAR:**  Thank you, Your Honor.
13         **THE COURT:**  All right.  Did you want to say something?
14 Looked like you were waving your hand.
15         **MS. KANE:**  No, Your Honor.  Just prepared to write
16 down whatever the Court says.
17         **THE COURT:**  You were flourishing your hand in
18 readiness for writing down what I'm about to say.
19         **MR. KALAR:**  Your Honor, if I may suggest one other
20 matter?
21         **THE COURT:**  Yeah.
22         **MR. KALAR:**  I think, as the counsel situation is
23 solidified, an exclusion of time would be appropriate until the
24 next appearance.
25         **THE COURT:**  Yes.  Okay.  I'm going to give you a -- at

1  the end, I will adopt the following, but I want to say it and
2  then you tell me if you all agree and, if you do, I'm going to
3  order it.
4      Step 1 would be to grant Mr. Grasso's motion and his
5  firm's motion to be relieved as counsel in this case.
6          **MR. GRASSO:**  Thank you, Your Honor.
7          **THE COURT:**  Wait.  With the caveat that you have to
8  cooperate fully in the transition to new counsel.
9          **MR. GRASSO:**  Of course.
10         **THE COURT:**  And we should not have glitches where they
11 don't get the password and the like.  You've got to give
12 them -- you have got to explain what they need to know about
13 the discovery and give them the discovery and any work product
14 and so forth.
15         **MR. GRASSO:**  Agreed.  Completely.
16         **THE COURT:**  All right.
17    Next, I'm going to provisionally appoint Mr. Gasner and
18 Ms. Nechay as counsel for Mr. Nikulin, subject to coming back
19 here on the day we just indicated.
20     What was that, Theresa?
21         **THE CLERK:**  August 20th at 10:00 a.m.
22         **THE COURT:**  10:00.  And that would be nunc pro tunc to
23 July 30.
24     And time will be excluded from today's date all the way
25 through to the next hearing of the case on account of the need

for effective preparation of counsel.

At the next calling of the case, you need to be able to tell me whether you'll be able to meet the trial date. It's my fervent hope that the answer is yes, for a lot of reasons that go into the Court's own trial calendar.

I'd like Mr. Kalar to come back as well then, to be here, if you're available. And if it all works out, then I'll send you to the magistrate judge for appointment of counsel, and you will then have to do the paperwork.

**MS. NECHAY:** Thank you, Your Honor.

There's one outstanding issue. I would like to make an oral motion to request that Mr. Nikulin be allowed to have attorney contact visits. I feel this has been somewhat of an impediment and an unnecessary --

**THE COURT:** Can we come to that later? I want to make sure what I laid out is agreeable to you so far.

**MS. NECHAY:** Absolutely.

**THE COURT:** Is that agreeable?

**MR. GASNER:** Yes.

**MS. KANE:** I would just add that the Court has also previously designated this complex for purposes of speedy trial.

**THE COURT:** I did.

And, Mr. Grasso, is everything I said agreeable to you?

**MR. GRASSO:** Yes, sir.

1    **THE COURT:** Mr. Nikulin, is everything I said
2  agreeable to you?
3    **THE DEFENDANT:** Yes.
4    **THE COURT:** Good. So ordered. Okay?
5    **MR. GRASSO:** Thank you.
6    **MS. NECHAY:** Thank you.
7    **THE COURT:** Now, we come to your point, Ms. Nechay.
8  What is the point you want to make?
9    **MS. NECHAY:** Thank you.
10   I have a request that I would like to make on
11 Mr. Nikulin's behalf so that his attorneys are allowed to have
12 contact visits with him.
13   **THE COURT:** As opposed to what?
14   **MS. NECHAY:** As opposed to non-contact visits. It's
15 not really an impediment that's placed on any other defendants
16 at the Maguire Correctional Facility, subject of course to the
17 availability of these rooms. And then there has been
18 further --
19   **THE COURT:** The marshals won't let you have a contact
20 visit?
21   **MS. NECHAY:** Well, that's apparently not the
22 information the marshals say they provided to the facility;
23 however, the facility is still insisting that, because of
24 unspecified security concerns, they are not allowing him to
25 have contacts visits.

1 **THE COURT:** Who can speak for the marshals here?

2 **THE MARSHAL:** I will look into it, Your Honor. I'm not aware of the situation, what they have talked about in the past.

5 **THE COURT:** Do you think there is any security issue?

6 **MS. NECHAY:** No. If that changes for some reason at any time in the future, I'm happy to address that with the Court, but I don't believe so.

And I would just like to add, I had substantial conversations with the Marshals Service, as well as with U.S. Marshal Siegel, and -- as well as Sergeant Carroll at the Maguire facility, and it just seems there is some miscommunication about where this restriction is coming from. So I would like to just put it to rest.

15 **THE COURT:** Okay. Can the marshals tell the facility to let counsel have contact visits?

17 **THE MARSHAL:** I'll mention it. I'm not aware of the entire situation. She mentioned Deputy Siegel, so I can talk to Deputy Siegel and I can talk to the Maguire facility, but I'm not --

21 **THE COURT:** Well, here is the thing: Tell them that they got to do contact visits unless they come to me and explain to me why they don't want to do it; because I feel like contact visit would be -- this is a complicated case. And otherwise, you have to talk to a screen; is that it?

1   **MS. NECHAY:** That's correct. And there is some
2   limitations with whether there is a paper pass that's available
3   or not.
4       I have, to that end, prepared a proposed order. And I
5   have already shown Ms. Kane a copy of it. I'm happy to provide
6   that to the Court. But my understanding from the Maguire
7   facility is that they are going to require a court order in
8   order to allow that.
9       **THE COURT:** Okay. Let me see your order.
10      Ms. Kane, this order okay with you?
11      **MS. KANE:** Well, Your Honor, the Government doesn't
12  take any position on this issue. It's -- the marshals have
13  been handling the communication and I would defer to them
14  regarding the conditions of confinement.
15      **THE COURT:** Well, but you don't know this -- my
16  marshals can't help me. I'm going to -- your order doesn't say
17  that you are the counsel. It just has your name at the top,
18  but it doesn't say who -- it just says "attorney of record."
19  So if you present this down there, they are going to say "Well,
20  how do we know that you're the attorney of record?"
21      **MS. NECHAY:** I believe they have already confirmed
22  that particular portion with their legal services, but should
23  there be any issue, I'm happy to provide them with a copy of
24  today's orders.
25      **THE COURT:** Mr. Gasner, I forgot your first name.

1    **MR. GASNER:** Adam.
2    **THE COURT:** Who?
3    **MR. GASNER:** Adam.
4    **THE COURT:** Adam, that's right.
5    **MR. GASNER:** Conventional spelling.
6    **THE COURT:** All right.  So here is what -- I'm signing
7 your order.  You need to put a copy of this on their file.  But
8 I modified it to make it clear that this pertains to you two.
9    **MS. NECHAY:** Thank you.
10   **MR. GASNER:** Thank you.
11   **THE COURT:** So what else can I do today?
12   **MS. KANE:** Nothing further from the Government, Your
13 Honor.  Thank you.
14   **THE COURT:** All right.  Time excluded.  Do one of
15 those written stipulated orders even though, you're right, it
16 is a complex case.  So maybe we don't need to do that.
17       All right.  So, Mr. Nikulin, it looks like you're going to
18 get new lawyers, and these new lawyers are going to be coming
19 to see you.
20       Mr. Gasner, you know that that was one of my concerns?
21   **MR. GASNER:** It was, Your Honor.  And I saw
22 Mr. Nikulin to assuage the Court's concern that he would be
23 seen.
24   **THE COURT:** Thank you for that.  But you have got to
25 keep going out there.

1    **MR. GASNER:**  Understood.

2    **THE COURT:**  He is the one, he needs your help, and
3 personal contact visits.  Okay.  All right.  We're done.

4    **MS. NECHAY:**  Thank you very much, Your Honor.  There
5 is no outstanding concerns.

6    **MR. GRASSO:**  Thank you, Your Honor.

7    **MR. GASNER:**  Thank you.

8    **MR. GRASSO:**  It is nice to meet you.

9    **THE COURT:**  My pleasure, Mr. Grasso.  Safe journey
10 home.  You don't need to come to that hearing in two weeks.

11   **MR. GRASSO:**  Got it.  Thank you.

12   **THE COURT:**  Thank you for your assistance in this
13 case.

14              (Proceedings adjourned at 2:40 p.m.)

15                        ---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    day           , month           date           ,

_____

Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court