```
1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    THOMAS A. COLTHURST (CABN 99493)
3   Chief, Criminal Division

4   MICHELLE J. KANE (CABN 210579)
    Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        michelle.kane3@usdoj.gov
8
    Attorneys for United States of America
9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 16-00440 WHA |
|---|---|
| Plaintiff, | ) STIPULATION REGARDING RESTITUTION |
| v. | ) |
| YEVGENIY ALEXANDROVICH NIKULIN, | ) |
| Defendant. | ) |

It is hereby stipulated by and between counsel for the United States and counsel for the defendant Yevgeniy Nikulin as follows:

1. Defendant was convicted by a jury following trial on all counts in the Indictment.

2. Restitution is authorized in this case under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, which mandates restitution for "crimes against property" under Title 18 in which an identifiable victim has suffered a pecuniary loss.

3. In connection with the sentencing proceedings, four entities, LinkedIn, Dropbox, Formspring, and Automattic, submitted statements describing their pecuniary losses. Based on the information in those statements, as well as the testimony and evidence introduced at trial, the Probation Office and the United States recommended that the Court award restitution of $1,734,000, divided

STIP. RE RESTITUTION
CR 16-00440 WHA

between each of the four entities. At sentencing in this matter, the Court awarded $1,734,000 in restitution to the four victims. The restitution award is set out in an Amended Judgment, ECF No. 288.

4. Defendant filed an appeal which challenged his conviction, the loss amount used for purposes of calculating the Sentencing Guidelines, and the restitution award. The Ninth Circuit, in an unpublished memorandum disposition, affirmed the conviction and sentence, but reversed the restitution award, concluding that the evidence was insufficient to support the award. ECF No. 330. The court found that the evidence in support of the restitution award did not satisfy the requirement that "the government provide 'a complete accounting of the losses to each victim' to 'the extent practicable,' or provide 'evidence or proof that all costs incurred were directly related to' defendant's offenses."

5. Counsel are in agreement that the testimony and evidence introduced at trial have proven at least a pecuniary loss of $5,000 in costs directly related to defendant's offenses as to LinkedIn, Dropbox, and Formspring sufficient to meet the standard set forth by the Ninth Circuit in its unpublished memorandum disposition.

6. Following discussions between the government and the victims, the government has concluded that it will not be practicable to meet its burden to prove additional pecuniary loss as defined by the Ninth Circuit in its unpublished memorandum disposition.

7. Counsel for the United States has consulted with Probation Officer Kyle Pollack, who does not object to the proposed resolution requested below.

8. A Status Conference re Restitution is scheduled for August 2, 2022, at 12:30 pm. Counsel are in agreement that, at the hearing, the Court should order an award of $5,000 in restitution each to LinkedIn, Dropbox, and Formspring, and set defendant's payments according to the schedule in the Amended Judgment, and that the Court should enter a Second Amended Judgment imposing such

//

restitution. Consistent with the victims' previous requests, the restitution payments should be payable to the Crime Victims' Fund.

        IT IS SO STIPULATED.

Respectfully submitted,

STEPHANIE L. HINDS
United States Attorney

Dated:_____                           /s/_____
MICHELLE J. KANE
Assistant United States Attorney

Dated:_____                           /s/_____
ADAM GASNER
Attorney for Defendant