AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Yevgeniy Aleksandrovich Nikulin | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number:  CR-16-00440-001 WHA<br>BOP Case Number:  DCAN316CR00440-001<br>USM Number:  24827-111<br>Defendant's Attorney:  Adam G. Gasner (appointed) |

**Date of Original Judgment:  10/30/2020**
**(or Date of Last Amended Judgment)**
**THE DEFENDANT:**

☐   pleaded guilty to count(s): _____

☐   pleaded nolo contendere to count(s): _____  which was accepted by the court.

☑   was found guilty on count(s): <u>1 through 9 of the Indictment</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B) | Computer Intrusion | 7/25/2012 | 1, 4, and 7 |
| 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) | Intentional Transmission of Information, Code, or Command Causing Damage to a Protected Computer | 6/29/2012 | 2 and 8 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 6/29/2012 | 3 and 9 |
| 18 U.S.C. § 371 | Conspiracy | 5/31/2013 | 5 |
| 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 1029(c)(1)(A)(i) | Trafficking in Unauthorized Access Devices | 9/19/2012 | 6 |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s): _____

☐   Count(s) _____ is/are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>9/29/2020</u>
Date of Imposition of Judgment

Signature of Judge

The Honorable William Alsup
<u>Senior United States District Judge</u>
Name & Title of Judge

<u>8/5/2022</u>
Date

## IMPRISONMENT

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Yevgeniy Aleksandrovich Nikulin                                    Judgment - Page 2 of 7
CASE NUMBER:  CR-16-00440-001 WHA

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
    88 months. This term consists of terms of 64 months on each of Counts 2, 6, and 8 and 60 months on each of Counts 1, 4, 5,
    and 7, to run concurrently to each other, and 24 months on each of Counts 3 and 9, to run concurrently to each other and
    consecutively to all other counts, for a total term of imprisonment of 88 months.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be
returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑   The Court makes the following recommendations to the Bureau of Prisons:
     1: The defendant was arrested on these charges (16CR00440-001-WHA) in the Czech Republic and has been in continuous
     custody since October 5, 2016;
     2: The defendant be placed at a BOP facility with the ability to communicate and deal with individuals who speak Russian;
     3: The defendant be allowed to keep a handheld video game system (one that does not transmit or receive via an internet
     connection) in his cell, which will satisfy one of his needs and help in his rehabilitation and compliance.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ am/pm on _____ (no later than 2:00 pm).

     ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   at _____ am/pm on _____ (no later than 2:00 pm).

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to _____ at
     _____ , with a certified copy of this judgment.

                                                    _____
                                                                UNITED STATES MARSHAL

                                       By  _____
                                                         DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Yevgeniy Aleksandrovich Nikulin | Judgment - Page 3 of 7 |
| CASE NUMBER:  CR-16-00440-001 WHA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Three (3) years.</u> This term consists of terms of three years on each of Counts 1 through 2, and 4 through 8, and 1 year on Counts 3 and 9, to run concurrently to each other.

The court imposes a three-year term of supervised release.  However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised.  At all times, the defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and, if deported, shall not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within three year(s) of release from imprisonment returns to this country, legally or illegally, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of reentry.  If the defendant for some reason is not deported and remains in this country, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of release from imprisonment

## MANDATORY CONDITIONS OF SUPERVISION

1)     You must not commit another federal, state or local crime.

2)     You must not unlawfully possess a controlled substance.

3)     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐     The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)  ☑   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)  ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)  ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Yevgeniy Aleksandrovich Nikulin | Judgment - Page 4 of 7 |
| CASE NUMBER:  CR-16-00440-001 WHA | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
                    Defendant                                                              Date

              _____          _____
              U.S. Probation Officer/Designated Witness                    Date

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Yevgeniy Aleksandrovich Nikulin                                     Judgment - Page 5 of 7
CASE NUMBER:  CR-16-00440-001 WHA

## SPECIAL CONDITIONS OF SUPERVISION

1.      You must not commit another Federal, State, or local crime.

2.      You must have no contact with any employee of any of the victim companies, namely LinkedIn, Dropbox, Formspring, and Automatic, unless otherwise directed by the probation officer.

3.      You must at all times either have full-time employment, full-time training for employment, or full-time job search, or some combination thereof, unless otherwise excused by probation.

4.      You must pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

5.      You must participate in a mental health treatment program, and must pay for part or all of the cost of treatment, as directed by the probation officer. You must adhere to a co-payment schedule as determined by the probation officer.

6.      Unless directed in writing otherwise, you must check your voice mail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. You must follow all such instructions, including but not limited to drug testing.

7.      You must not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and must not be present in a vehicle where the you know any firearm or ammunition is present.

8.      You must submit your person, residence, office, vehicle, or any property under your control, including any computers, cell phones, and other electronic devices, to a search. Such a search must be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

9.      You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of accessing the internet or processing or storing data as described at 18 U.S.C. § 1030(e)(1) (including cell phones), and all peripheral devices.

10.     As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP) and must abide by the requirements of the CIMP program and the Acceptable Use Contract.

11.     You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn your employer of restrictions to your computer use.

12.     You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment which may include retrieval and copying of all data from your computers and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor your Internet use.

13.     You must not possess or use any data encryption technique or program.

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Yevgeniy Aleksandrovich Nikulin                                  Judgment - Page 6 of 7
CASE NUMBER: CR-16-00440-001 WHA

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | __Assessment__ | __Fine__ | __Restitution__ | __AVAA Assessment*__ | __JVTA Assessment**__ |
|---|---|---|---|---|---|
| **TOTALS** | $900 | Waived | $15,000 | N/A | N/A |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| LinkedIn, Inc. (Payable to the Crime Victim's Fund) |  | $5,000 |  |
| Dropbox, Inc. (Payable to the Crime Victim's Fund) |  | $5,000 |  |
| Formspring, Inc. (Payable to the Crime Victim's Fund) |  | $5,000 |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $   0.00 | $15,000 |  |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☑  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the fine/restitution.

☐  the interest requirement is waived for the fine/restitution is modified as follows:
_____

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Yevgeniy Aleksandrovich Nikulin                                                    Judgment - Page 7 of 7
CASE NUMBER:  CR-16-00440-001 WHA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐  Lump sum payment of _____ due immediately, balance due

  ☐  not later than _____ , or
  ☐  in accordance with  ☐ C,  ☐ D, or  ☐ E, and/or  ☐ F below); or

**B** ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑  Special instructions regarding the payment of criminal monetary penalties:
  **Criminal monetary penalties totaling $15,900 are due. During imprisonment, payment of the special assessment and restitution is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $300 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m). The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s): _____

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.